For the reasons assigned, the judgment appealed from is affirmed.

12 So.2d 238

KELLER et al. v. HAAS et al.

No. 36121.

Feb. 1, 1943.

Anthony J. Roy, of Marksville, and Jackson & Mayer and Tucker, Bronson & Martin, all of Shreveport, for plaintiffs and appellants.

Couvillon & Couvillon and Laborde & Edwards, all of Marksville, for defendants and appellees.

PONDER, Justice.

The plaintiffs, Anna Laura Keller and Charles L. Mayer, brought this suit seeking to be recognized as the owners of an undivided three-fourths interest in a tract of land, containing thirty-five acres, situated in Avoyelles Parish, and to recover three-fourths of all rents and revenues received from the property since July 9, 1915, less their proportionate part of the taxes for the year 1914 and subsequent years, after the rendering of an accounting. The defendants, W. D. Haas and Haas Investment Company, Inc., interposed exceptions of no right and no cause of action and a plea of estoppel. Sid W. Richardson, George H. McIntyre, George H. Campbell and J. A. Hoover intervened and asked to be decreed the owners of an oil, gas and mineral lease, executed by the Haas Investment Company, on the described property. The exceptions of no right and no cause of action were sustained in the

lower court, and the plaintiffs' suit was dismissed. The plaintiffs have appealed.

The plaintiffs allege in their petition that the thirty-five acre tract of land was acquired on October 7, 1881 by Octavia, Polly (Mollie), Alva (George Alva), and Annie (Annie Laura) Keller; that Polly Keller died about the year 1890, leaving no descendants and being survived only by her mother, Emely Hampton Keller, and her sisters and brothers, Octavia, George Alva, Anna Laura and Viola Keller; that on July 11, 1895, Octavia Keller conveyed to William David Haas an undivided one-fourth interest in and to the trust; that Emely Hampton Keller died about the year 1904, being survived by Octavia, George Alva, Anna Laura and Viola Keller; that Viola Keller died about the year 1914, being survived by only one child, Gladys Evans; that Octavia Keller died about the year 1916, being survived only by George Alva and Anna Laura Keller and Gladys Evans; that about the year 1917, Gladys Evans died, being survived by her father, Eddie Evans, her aunt and uncle, Anna Laura and George Alva Keller; that on August 29, 1900, Laura Keller conveyed to George Alva Keller an undivided one-third interest in and to the tract; that on July 11, 1939, George Alva Keller conveyed to Laura Bell (Anna Laura Keller) all of his right, title and interest in and to the thirty-five acre tract of land, and that on July 11, 1939, Laura Bell (Anna Laura Keller) conveyed to Charles L. Mayer an undivided one-half of her interest in and to the tract.

It is further alleged that on July 9, 1915 W. D. Haas acquired under a tax deed the interests in the land assessed to George and M. Keller for the delinquent taxes for the year 1914, and that on April 18, 1927, W. D. Haas conveyed the property herein involved, together with other properties, to the Haas Investment Company of which he was the principal stockholder, president and general manager. It is alleged that the corporation had full knowledge of all of the facts and circumstances surrounding and out of which the tax sale arose.

■ A person allowing his property to be acquired at tax sale by one of his co-owners has a reasonable time to secure the redemption of his interest in the property upon paying the tax purchaser the proportionate part of the taxes due by him. Skannal v. Hespeth, 196 La. 87, 198 So. 661. However, the mere lapse of time, in the absence of other facts going to show that he must have known that the property had been sold; that he had an interest therein, and that he, in effect, acquiesced in the sale, or by some other act evidenced an intention on his part to renounce his interest in the property, would not debar him from recovering his interest in the property. Tyson v. York, 192 La. 373, 188 So. 33.

In the case of Skannal v. Hespeth, supra, the following doctrine from Duson v. Roos, 123 La. 835, 49 So. 590, 593, 131 Am. St.Rep. 375, was reaffirmed:

"After property has been sold at tax sale, however, the former owners of it cannot be compelled to redeem or reacquire it. Hence it is optional with them to take advantage or not of this doctrine by which a title acquired by any one of the co-owners from

the purchaser at the tax sale inures to the benefit of the other co-owners. These other co-owners have a right to require their co-owner to make them title in the proportion of their former co-ownership; but this right is not founded upon any codal provision, but on mere equitable considerations, and, such being the case, must be exercised within a reasonable time or it will be lost. These other co-owners cannot sleep upon this right, await developments, to see whether the property will grow in value or not, and then exercise the rights or not, according to the event. He who seeks equity must do equity."

A co-owner cannot be compelled to redeem or reacquire the property, but it is optional with him to take advantage or not of his right to reacquire title of his interest in the property which had been purchased by one of his co-owners at a tax sale. His right to be reinvested with title to the property is not founded on any codal provision but on equitable considerations and must be exercised within a reasonable time or it will be lost. He cannot sleep on his rights, await developments, to see whether the property will grow in value or not, and then exercise the right or not according to the event. He who seeks equity must do equity.

Whether or not the plaintiffs have been debarred from recovering their interests in the property is a defense of estoppel which must be specially pleaded. In re Quaker Realty Company, 127 La. 208, 53 So. 526; Hebert v. Champagne, 144 La. 659, 81 So. 217, and Tyson v. York, supra. The defendants interposed a special plea

of estoppel which was not passed on by the lower court.

Since the plaintiffs' right to redeem the property is founded on equitable considerations, no hard and fast rule can be laid down. Each case must depend on its peculiar facts and circumstances. This would necessitate inquiring into the merits because a litigant is not required to allege all the facts and circumstances of the case.

It is contended that the Haas Investment Company, Inc. is an innocent purchaser of the property on the faith of the public records and that it is not affected by the unregistered equities of the co-owners.

It is well settled that where an individual forms a corporation of which he is the sole and only stockholder or owns such control of the stock that the act of the corporation is his own, then he may not use the screen of corporate entity to absolve himself from responsibility. Lindstrom v. Sauer, La.App., 166 So. 636; Alliance Trust Co. v. Streater, 182 La. 102, 161 So. 168; Superior Oil Co. v. Baltar, 181 La. 908, 160 So. 626; Wilson v. Lagasse, 12 La.App. 704, 127 So. 17; Heard v. Monroe Sand & Gravel Co., 9 La.App. 568, 121 So. 642; State v. F. B. Williams Cypress Co., 131 La. 62, 58 So. 1033.

Under the allegations in the plaintiffs' petition, the business carried on by the corporation is nothing more than a continuation of Haas's business by the merger of his private business into a corporation of which he is the managing head and practically the sole owner. Under such circumstances, Haas is not permitted to cloak himself behind the corporate en-

tity to shield himself from responsibility. The corporation would therefore be bound to the same extent that Haas himself is bound.

For the reasons assigned, the judgment of the lower court sustaining the exceptions of no right and no cause of action is reversed and set aside. The exceptions are overruled, and the case is remanded to the lower court to be proceeded with consistent with the views herein expressed. The costs of this appeal are to be paid by the defendants and appellees. All other costs to await the final disposition of the cause.