JANVIER, Judge.
This litigation results from the attempt of Thomas J. Kennedy to recover a deposit of $500 which he made in connection with a written contract to buy a piece of real property and a building “to be constructed thereon,” and which improved property the plaintiff never received. There is also involved the effort of the plaintiff to have the said contract cancelled and annulled. Under the contract Kennedy was to be the purchaser and Pope Park, Inc., was to be the vendor.
The contract provided that it was conditioned upon the ability of Kennedy to borrow on the property $5,600 and that if the loan should prove to be “unobtainable” within 60 days, the contract would become null and void and the deposit of $500 would be returned to Kennedy.
*515 The contract dated December 28, 1949, required that the act of sale to the property on which the building was to be constructed would be passed on or before April 1, 1950, and that if the purchaser, Kennedy, should fail to comply with the agreement “within the time specified, the vendor should have the right to declare the deposit forfeited or to demand specific performance.”
The deposit of $500 was made by Kennedy by check which, on advice of the daughter of C. W. Pope, was made payable not to the corporation, Pope Park, Inc., but to Pope Construction Company which was the trade name under which C. W. Pope conducted his general contracting business. It was endorsed and deposited to the credit of Pope Construction Company.
On November 15, 1950, Kennedy brought this suit against Pope Park, Inc., the corporation with which he had entered into the contract. He alleged that the said corporation had “failed and refused to construct and complete the improvements * * * on or before April 1st, 1950,” and that therefore Pope Park, Inc., could not deliver title and he prayed for judgment against that corporation ordering it to return the $500 together with an attorney’s fee and interest and costs.
On January 7, 1955, Kennedy filed a supplemental and amended petition in which he alleged that C. W. Pope was President and sole owner of Pope Park, Inc.; that the deposit which he had made had been made by check to the order of Pope Construction Company and that the proceeds of the check had been deposited to the credit of Pope Construction Company which was the name under which C. W. Pope operated his contract and construction business. In this supplemental petition Kennedy prayed for judgment against C. W. Pope doing business as Pope Construction Company and against Pope Park, Inc., as originally prayed for.
There was judgment in favor of Kennedy against Pope Park, Inc., annulling the contract, and there was further judgment in favor of Kennedy against C. W. Pope in the sum of $500, with interest and costs.
The matter is now before us on appeal by C. W. Pope. There has been no appeal by Pope Park, Inc.
The principle contention of Pope is that, since Kennedy did not place Pope Park, Inc., or Pope himself in default when title was not delivered on April 1, 1950, Kennedy cannot now complain and cannot be heard to demand back the deposit which he made.
The record shows all of the facts already set forth, and it also shows that at the time at which the contract to purchase was entered into Kennedy made application for the necessary loan, that this application was turned over to Pope, who was to obtain the loan for him. And the record also shows beyond any possible doubt that the loan was not obtainable on April 1, 1950, and in fact was not obtainable until sometime during the month of June, 1950, which was more than 60 days after the date on which title should have been transferred. It shows too that on April 1st, the day on which the title should have been transferred, as already stated, the building was nowhere near completion.
The contention of Pope that Kennedy should have placed him in default is based on the theory that the failure to complete the building and the failure to obtain the loan were mere passive breaches of the contract and that accordingly a default was necessary if the plaintiff, Kennedy, desired to annul the contract and to receive back the amount of his deposit.
In support of this contention defendant, Pope, places great reliance upon the decision of the Supreme Court in Di Cristina v. Weiser, 215 La. 1115, 42 So.2d 868, 871.
It is true that the facts of that case are remarkably similar to those found here, but we think we find a distinction in the fact that there the sale could have been passed within the time specified. In other words, *516 the necessary loan was obtainable, the title was or could have been perfected, and there was nothing which would have made it impossible to accept title except the unwillingness of the purchaser to take title. The Supreme Court in that case said:
“ * * * there is no showing whatever that the sale could not have been passed within the time specified in the agreement * *
That cannot be said here.
We think that it would be absurd to hold that Kennedy, on April 1st, should have demanded title when, as a matter of fact, not only had the building which he was to buy not been completed, but he could not have paid for it because Pope had not obtained for him the necessary loan.
We agree with the following statement which the District Judge made to counsel for defendants:
“ * * * This contract was conditioned on a loan being secured and until the loan was secured in the usual way so you could pass the act of sale he couldn’t take title. If it wasn’t completed until after April 1st and there was no written contract, then the contract falls as a matter of law.”
We feel certain that when the District Judge stated that if there was no written contract, the contract falls, he meant that if there was no “extension” of the written contract.
The fact of the matter is that the record shows beyond any possible doubt that Pope, the Pope Construction Company, and Pope Park, Inc., were to all intents and purposes one and the same legal entity.
Pope admitted that the corporation, Pope Park, Inc., was “set up” as a “self” corporation, a “holding corporation” of which he was the owner.
The record shows that the stock of Pope Park, Inc., consisted of 100 shares of which Pope himself owned 98, the other two being owned one by William P. Irwin and the other by Rosie Pope. Pope said that Pope Park, Inc., was organized because “to be a building contractor you have to have two separate partners.”
We therefore have no hesitancy in saying that Pope, the Pope Construction Company and Pope Park, Inc., so far as Kennedy was concerned, were one and the same.
In Keller v. Haas, 202 La. 486, 12 So.2d 238, 240, the Supreme Court said:
“It is well settled that where an individual forms a corporation of which he is the sole and only stockholder or owns such control of the stock that the act of the corporation is his own, then he may not use the screen of corporate entity to absolve himself from responsibility.”
In Lindstrom v. Sauer, La.App., 166 So. 636, 638, we said:
“The courts of Louisiana have had occasion to pass upon this question in a number of cases and the jurisprudence seems to be well settled that, where an individual forms a corporation, of which he is the sole and only stockholder, or owns such control of the stocks that, to all intents and purposes, the act of the corporation is his own, then he may not use the screen of corporate entity to absolve him from responsibility.”
Since there is no appeal by Pope Park, Inc., from the judgment insofar as it annuls the contract, that particular feature of the case is not before us.
Since Pope received the deposit and the contract is annulled and Kennedy has never received the property which he was to receive, he is entitled to the return of his deposit from Pope.
Accordingly the judgment appealed from is affirmed at the cost of appellant.
Affirmed.