147 So.2d 239 (1962)
NATIONAL SURETY CORPORATION
v.
C. W. POPE.
No. 826.
Court of Appeal of Louisiana, Fourth Circuit.
December 3, 1962.
Francis J. Mooney, Jr., New Orleans, for plaintiff and appellant.
Hugh H. Brister, New Orleans, and Robert D. Edwards, Gretna, for defendant and appellee.
Before REGAN, SAMUEL and TURNER, JJ.
REGAN, Judge.
Plaintiff, National Surety Corporation, instituted this suit against the defendant, C. W. Pope, president and principal stockholder of the now defunct corporation, Pope Park, Inc., endeavoring to hold defendant personally liable for a $4,000 judgment rendered against the corporation. Plaintiff alleged that Pope, who owned 98% of the stock and exercised complete control over the corporation's business, could not hide behind the corporate entity to avoid personal liability.
The defendant pleaded the exceptions of no right or cause of action, which were referred to the merits, and then answered denying that he was personally liable for a debt of the corporation.
From a judgment in favor of the defendant dismissing plaintiff's suit, it has prosecuted this appeal.
The undisputed facts, from which this litigation arises, are these:
In 1949, Pope Park, Inc. was incorporated for the purpose of selling land to prospective *240 homeowners in a subdivision in Kenner, Louisiana. The defendant owned 98 of the 100 shares of common stock issued by the corporation. The remaining two shares were issued to the defendant's daughter and a business associate, William Irwin. Under the charter, the president was given broad powers to transact all the corporation's business.
The land, held by the corporation, was developed by the Pope Construction Company, a trade name under which C. W. Pope conducted an individual proprietorship.
On July 20, 1950, in order to facilitate the sale of homes in this subdivision, the Town of Kenner accepted for dedication and maintenance seven streets, which still required a certain amount of grading and surfacing. To insure the performance of this work, Pope Park, Inc. furnished a $10,000 performance bond issued by plaintiff herein. In November 1950, Pope Park, Inc. became insolvent and all its holdings were transferred to its creditors.
The corporation also defaulted on the performance bond and the Town of Kenner sued it and National Surety Company for $10,000. This lawsuit was compromised for $4,000, which amount was paid by the bonding company.
On May 29, 1958, National Surety Company obtained a judgment for $4,000 against Pope Park, Inc., which it now seeks to enforce against C. W. Pope personally by virtue of this suit.
The trial court dismissed plaintiff's suit, predicated on a finding that the surety bond was intended for the corporation, and it was not intended that Pope should be personally responsible therefor.
The record fully supports this conclusion and it is a well settled principle of law that an officer or agent of a corporation will not be held personally liable for a debt of the corporation unless he is guilty of malfeasance or a wrongdoing.[1]
The very nature and existence of a corporation is, of course, a fiction, but the significance of that fiction is that the liability of its members shall be determined judicially as if that fiction were the truth, and persons who deal with it must understand that this is so.
The courts have created an exception to the foregoing rationale when an individual, owning a majority of stock in a corporation, has utilized the corporate entity as a screen for the purpose of individually practicing fraud or deception upon the public or the creditors thereof.
Counsel for plaintiff concedes the validity of the general rule, but argues that the exception thereto is applicable in instances where the corporation is owned and controlled by one person. He has cited several decisions to support this argument,[2] which are not apposite since, in each of these cases, the corporation was formed for the specific purpose of defrauding personal creditors of the majority stockholder. Pope Park, Inc., was established to conduct a bona fide business, and not for a fraudulent purpose.
In addition, plaintiff relies on the rationale of Kennedy v. Pope Park, Inc., La. App.,[3] 109 So.2d 514, wherein this court held C. W. Pope, the same defendant who is now before us, personally liable for the return of a deposit made by a prospective purchaser of a home in the Kenner subdivision. However, in that case the buyer made his deposit check payable to Pope Construction Company, the business operated by Pope as an individual proprietorship.
This case is clearly distinguishable therefrom since it is obvious that National Surety *241 Company intended to bond the corporation and look to it for indemnification in the event of default, whereas, in the cited case, Kennedy obviously dealt with Pope in his individual capacity.
Therefore, since the record reflects that Pope Park, Inc. was incorporated for a legitimate purpose and that plaintiff dealt with C. W. Pope as an officer of the corporation, the trial court properly dismissed plaintiff's suit.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.
NOTES
[1] LaParie v. Totora, La.App., 62 So.2d 658 (1953).
[2] Lindstrom v. Sauer, La.App., 166 So. 636; Keller v. Haas, 202 La. 486, 12 So. 2d 238; and Alliance Trust Co. v. Streater, 182 La. 102, 161 So. 168.
[3] La.App., 109 So.2d 514.