Frank HAYNES, Jr.

v.

CHAMPAGNE TILE CORPORATION and J. C. Champagne, Inc.

Civ. A. No. 2806.

United States District Court
E. D. Louisiana,
Baton Rouge Division.

April 8, 1964.

---

158

Walton J. Barnes, Baton Rouge, La., for plaintiff.

Victor A. Sachse, III, Breazeale, Sachse & Wilson, Baton Rouge, La., for defendants.

WEST, District Judge.

Plaintiff brings this suit pursuant to the provisions of the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq., seeking to recover back wages allegedly due him in the sum of $437, plus penalty and attorney fees as provided by law. Neither the question of whether the plaintiff was covered by the Fair Labor Standards Act, nor the question of the amount of unpaid wages are in dispute. The only question involved is whether or not, under the facts of this case, either of the defendant corporations are indebted to the plaintiff for these back wages and penalties. It is undisputed that the plaintiff was employed by J. C. Champagne, Inc. as a tile setter's helper from February 2, 1961 to September 7, 1961, at a wage less than the statutory $1.00 per hour. At the commencement of this suit, the only defendant was Champagne Tile Corporation. After a pre-trial conference was held on this matter, the plaintiff was allowed to amend his complaint to join as a defendant J. C. Champagne, Inc. It is also undisputed that Champagne Tile Corporation was not organized or incorporated until December 22, 1961, or almost four months after the plaintiff terminated his employment with J. C. Champagne, Inc. Plaintiff was never employed by Champagne Tile Corporation. The plaintiff argues, however, that Champagne Tile Corporation is merely the alter ego of J. C. Champagne, Inc., and that if J. C. Champagne, Inc. is indebted to the plaintiff for these back wages and penalties, it should be held that Champagne Tile Corporation is also indebted to the plaintiff in solido with J. C. Champagne, Inc. for the same amount.

Defendant, on the other hand, contends that the two corporations are entirely separate and distinct; that Champagne Tile Corporation is neither the successor to nor the alter ego of J. C. Champagne, Inc.; and that neither corporation can be held liable for the debts of the other.

This matter was heard by this Court on March 17, 1964, and as a result of that hearing, and after considering the arguments of counsel and the briefs submitted herein, the Court is of the opinion that plaintiff does have a right of recovery against J. C. Champagne, Inc., but that he has no right of recovery against Champagne Tile Corporation.

At the trial of this case it was established that J. C. Champagne, Inc. ceased functioning as a going corporation sometime during the first part of September,

1961. The corporation has not to this date been legally dissolved, but it is completely inactive, and has taken on no new work of any kind since it terminated its business activities in September of 1961. The termination of its business activities was necessitated by its poor financial condition. In other words, it went broke. During the month of September, 1961, it became a defunct corporation, and it has remained as such ever since. Its legal dissolution has been delayed only to assist a bonding company in terminating some bond loss claims incurred while the corporation was actually engaged in business.

Champagne Tile Corporation, on the other hand, was incorporated on December 12, 1961, but did not commence business operations until some time in 1962. There is no dispute that plaintiff never worked for Champagne Tile Corporation. No assets or equipment owned by J. C. Champagne, Inc. were transferred to or used by Champagne Tile Corporation, and with the exception of the president, the officers of the two corporations were not the same. Also, except for some isolated instances, the employees of the two corporations were not the same.

While the plaintiff recognizes that a corporation, under Louisiana law, is a separate legal entity, Louisiana Civil Code (1870) Article 435, he nevertheless urges this Court to "pierce the corporate veil," and hold that Champagne Tile Corporation is actually the alter ego of J. C. Champagne, Inc., and therefore should be held liable for the debts of J. C. Champagne, Inc. Under Louisiana law, the "corporate veil" is pierced when the theory of separate entity leads to an absurdity, or the persons involved in a corporation seek to use this legal fiction to immunize them from the consequences of their fraud or illegal actions. Keller v. Haas, 202 La. 486, 12 So.2d 238 (1943); National Surety Corporation v. Pope, 147 So.2d 239 (La.App. 4th Cir. 1962). Neither fraud nor illegality of purpose has been either alleged or proved in this case. Therefore, there is no reason here for the Court to even attempt to pierce the corporate veil on these grounds.

The Court finds no merit to plaintiff's contention that Champagne Tile Corporation is the alter ego of J. C. Champagne, Inc. One corporation may be said to be the alter ego of another when it is the principal for another or when it is the dominant corporation of the two. The question of whether or not such a situation exists is a factual matter. Brown v. Benton Creosoting Co., 147 So.2d 89 (La.App. 2d Cir. 1963). While plaintiff cites the Brown case as being on all fours with the present case, it is, nevertheless, easily distinguishable on its facts. It is not controlling here. From the facts adduced on the trial of this case, there is no question but that Champagne Tile Corporation is a completely separate entity from J. C. Champagne, Inc. Champagne Tile Corporation was not a corporation dominating J. C. Champagne, Inc., nor was it, in any sense of the word, the alter ego of that corporation. Champagne Tile Corporation was organized to carry on business that J. C. Champagne, Inc. was incapable of handling. J. C. Champagne, Inc. was broke. It could handle no further business as it had no bonding capacity. In an effort to obtain new work, Champagne Tile Corporation was organized and did, in fact, obtain new work. It did not take over any of the work of J. C. Champagne, Inc., nor did it in any way take the place of or supplant that corporation. It did not acquire the officers or employees of J. C. Champagne, Inc., and the plaintiff, as stated previously, was never, at any time, employed by Champagne Tile Corporation. And of course, it goes without saying, J. C. Champagne, Inc. could not have been an agent of Champagne Tile Corporation at any time during plaintiff's employment because of the fact that Champagne Tile Corporation was not even organized until approximately four months after plaintiff terminated his employment with J. C. Champagne, Inc.

For these reasons, plaintiff's claim against Champagne Tile Corporation must be dismissed, with prejudice.

 As to plaintiff's claim against J. C. Champagne, Inc., he is entitled to judgment against that corporation in the amount of $437 for unpaid back wages, together with a like amount as liquidated damages as provided for by 29 U.S.C.A. § 216b, plus reasonable attorney fees in the amount of $250. Judgment will be entered accordingly.