249 So.2d 363 (1971)
Henri J. MENARD
v.
ASSOCIATED ROYAL CROWN BOTTLING COMPANY and Allegheny Beverage Corporation.
No. 4512.
Court of Appeal of Louisiana, Fourth Circuit.
June 7, 1971.
*364 Pilie, Pilie & Landry, M. Arnaud Pilie, New Orleans, for plaintiff-appellant.
Sessions, Fishman, Rosenson, Snellings & Boisfontaine, Robert E. Winn, New Orleans, for defendants-appellees.
Before REDMANN, GULOTTA, and BOUTALL, JJ.
GULOTTA, Judge.
This matter came on for hearing on the Exception of No Right or Cause of Action filed by defendant Allegheny Beverage Corporation to a suit on an open account filed by plaintiff, Henri J. Menard. The present appeal arises from a judgment in favor of defendant dismissing plaintiff's petition with prejudice as to Allegheny Beverage Corporation.
The suit was directed against Associated Royal Crown Bottling Company and Allegheny Beverage Corporation alleging:
(1) that petitioner, an electrician, rendered services to premises owned and occupied by Southern Royal Crown Bottling Co. in February, 1968;
(2) that about November 8, 1968, Southern Royal Crown Bottling Co. was sold to Associated Royal Crown Bottling Co.; and
(3) that Southern Royal Crown Bottling Company was a wholly owned subsidiary of Allegheny Beverage Corporation. Plaintiff thereon averred that Associated Royal Crown Bottling Co. was liable for the debts of the original debtor, Southern Royal Crown, and Southern Royal Crown being a wholly owned subsidiary of Allegheny, Allegheny was therefore joined as a co-defendant.
Plaintiff claims his petition, however, erroneously alleged that Southern Royal Crown, owned by Associated Royal Crown Bottling Company, was a wholly owned subsidiary of Allegheny. In argument plaintiff states that Associated Royal Crown, owner of Southern Royal Crown, was in reality a division of Allegheny and further that services were actually rendered to American Beverage Company, a partnership, which was subsequently purchased by Allegheny Beverage Corporation which changed American's name to Royal Crown Bottling Company and operated it as a division of Allegheny. Plaintiff accordingly argues that Allegheny Corporation could be held liable since Royal Crown Bottling Company is a division and part of Allegheny Corporation. Therefore, plaintiff argues he mistakenly designated the position of the parties in his original allegations, which improper designation affected Allegheny's capacity to be sued.
Plaintiff sought in his petition to attach liability to Allegheny by alleging that Southern Royal Crown was a "wholly owned subsidiary" of Allegheny, that Allegheny was thereby put in the position of a parent corporation and, according to plaintiff, was then liable for the debts of its subsidiary. However, under LSA-R.C.C. Art. 435 each corporation is a separate legal entity. Plaintiff, through his allegation, was in effect urging the Court to "pierce the corporate veil," and hold that Allegheny was actually the alter ego of Southern Royal Crown and therefore should be held liable for its debts. An allegation that one corporation is a subsidiary of another, or that the parent corporation owns stock in a subsidiary is not sufficient to "pierce the corporate veil" of the parent corporation thereby making it liable for the debts of the subsidiary, beyond and in addition to the extent of its stock ownership, in the absence of a showing that the two corporations are not separate entities or that there is fraud or illegal action. Haynes v. Champagne Tile Corporation, 228 F.Supp. 157 (E.D.La.1964); Keller v. *365 Haas, 202 La. 486, 12 So.2d 238 (1943); National Surety Corporation v. Pope, 147 So.2d 239 (La.App. 4th Cir. 1962). Neither fraud nor illegality of purpose was ever alleged or proved; therefore, on the face of the pleadings, in absence of allegations that would support a cause of action against the parent corporation, Allegheny, for the debts incurred by its subsidiary, Southern Royal Crown, the trial judge rightfully concluded that plaintiff had no cause of action against Allegheny.
Plaintiff failed to particularize in his pleadings how the alleged relationship between the parties made Allegheny responsible. However, we note that there was never a return on plaintiff's subpoena duces tecum wherein he sought to be furnished the contract of sale of stock from Southern Royal Crown to Associated Royal Crown and a list of all obligations assumed by Allegheny Beverage Corporation. Nevertheless, it was not stated whether Associated Royal Crown and Southern Royal Crown were corporation (s), partnership (s), division(s), or other bodies. If in fact Allegheny purchased a partnership, division or corporate entity through a bulk sale of merchandise and equipment without compliance with the Bulk Sales Law, Allegheny may very well be held responsible for its debts. Bulk Sales Law R.S. 9:2961 et seq. In Brinson v. Monroe Automobile and Supply Co., 180 La. 1064, 158 So. 558, 562 (1934), the question was raised whether a personal judgment may be rendered against the transferee as a purchaser not having complied with the Bulk Sales Law and the court stated:

"The liability of defendant corporation, as a purchaser under the Bulk Sales Law, is that of a receiver only, for the fair value of the property transferred to it for the benefit of creditors, * * *." (Emphasis added.)
Thus, it can be seen that Allegheny may be liable as a purchaser under the Bulk Sales Law for the fair value of the property transferred. On the other hand, if Allegheny purchased only a majority of or all of the stock in another corporation, then it is not liable for the debts of the other corporation as the transaction was merely a transfer of corporate stock, not a bulk sale per se.
It hence becomes apparent that the wrongful designation in the petition of Southern Royal Crown as a subsidiary of Allegheny without further clarification may have in effect destroyed a valid cause of action against Allegheny. Thus, if plaintiff can properly allege the responsibility of Allegheny for the debts of Associated Royal Crown, and/or Southern Royal Crown, or American Beverage Company by designating the position and relationship of these parties to each other and whether or not the purchase by Allegheny was a bulk sale in compliance with the Bulk Sales Law, then Allegheny may be liable for the debts of the alleged division or partnership.
The issue therefore is whether plaintiff should be afforded the right to amend if by amendment the grounds upon which the exception of no cause of action was based can be removed.
The objections of no cause or right of action are properly raised through the peremptory exception. LSA-C.C.P. Art. 927. The trial judge in the case at bar in granting defendant's exception of no cause of action, dismissed plaintiff's suit with prejudice. Plaintiff did not seek leave to amend his petition at the trial.
The alleged error argued by plaintiff is that LSA-C.C.P. Art. 934 made it mandatory that the trial judge have ordered leave to amend the defective petition and that the question of the propriety of amendment was not discretionary with the court. LSA-C.C.P. Art. 934 provides:
"When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment *366 within the delay allowed by the court. If the grounds of the objection cannot be so removed, or if plaintiff fails to comply with the order to amend, the action shall be dismissed." (Emphasis added.)
It is evident from the language of the foregoing article that it is mandatory upon the trial judge to permit an amendment when the grounds of the objection pleaded by the exception is of such a nature that it can be removed by amendment. If the grounds may be removed by amendment, the language of the article clearly makes it mandatory that the judgment sustaining the exception should also order such amendment.
In Tripod Boats, Inc., v. George Engine Co., 170 So.2d 238, 240 (La.App. 4th Cir. 1964) we stated in discussing LSA-C.C.P. Art. 934:
"Plaintiff-appellant points to that portion of Article 934 emphasized by italics which he contends makes it mandatory that the trial judge grant leave to amend the petition to meet the objection raised by the exception. This, when read in connection with the rest of the article means, obviously, that the amendment must be ordered `[w]hen the grounds of the objection * * * may be removed by amendment * * *.' (Emphasis ours.)" (Underscoring added.)
The revision comment appended to Article 934, supra, is noteworthy:
"Though it is contemplated that in most instances the maintaining of the peremptory exception will necessarily result in a judgment dismissing the action, this article authorizes the trial judge to permit amendment of the petition whenever possible and whenever dismissal of the suit would not be in the interests of justice.

This rule is simply declaratory of the liberality of amendment characterizing the recent decisions of our appellate courts. See Reeves v. Globe Indemnity Co. of New York, 185 La. 42, 168 So. 488 (1936); Reagor v. First Nat. Life Ins. Co., 212 La. 789, 33 So.2d 521 (1948); Douglas v. Haro, 214 La. 1099, 39 So.2d 744 (1949); Bailey v. Simon, 199 So. 185 (La.App.1940); Arceneaux v. Louisiana Highway Commission, 5 So.2d 20 (La.App. 1941); Pancoast v. Cooperative Cab Co., 37 So.2d 452 (La. App. 1948); Turner v. Maryland Casualty Co., 44 So.2d 374 (La.App.1950); Doyle v. Thompson, 50 So.2d 505 (La. App. 1951)." (Emphasis added.)
It would seem that the circumstance surrounding the plaintiff's petition is what was contemplated by the commentary to Art. 934 as the objection can be cured by amendment. The court in Succession of Guidry v. Bank of Terrebonne and Trust Co., 193 So.2d 543 (La.App. 1st Cir. 1966) approved the Tripod holding while commenting on the import of LSA-C.C.P. Art. 934:
"In affirming the action of the trial court in dismissing plaintiff's action our brothers of the Fourth Circuit in the Tripod Boats case, supra, held and we think correctly so, that the import of Article 934, supra, and the revision comment appearing thereunder, compels the trial court to permit revision or amendment only in those cases wherein the grounds of the objection may be removed by amendment. Such we believe to be the clear intent of the article considering it is couched in what appears to be mandatory terms. We note that the article states `When the grounds of * * * the peremptory exception may be removed by amendment * * * the judgment sustaining the exception SHALL order such amendment within the delay allowed by the court.' (Emphasis added.)" 193 So.2d at 546.
Prior to the enactment of LSA-C.C.P. Art. 934, the most recent jurisprudence available in Louisiana pertaining to amendment of petitions appears to have been stated in the following language from Reynolds *367 Metal Co. v. T. L. James & Co., 69 So.2d 630, 635 (Orl.La.App.1954):
"For eighty-five years appellate courts in Louisiana had vacillated as to whether a petition which fails to state a cause of action due to an insufficiency of allegations may be amended after issue is joined. The three cases relied upon by exceptors were decided during that period in our jurisprudence when such amendments were not countenanced.
"However, the tendency of modern practice is to yield as little as possible to technicalities and to be liberal in upholding substantive rights instead of subtle technicalities, and to allow amendments to petitions that fail to state a cause of action due to insufficient allegations. Slattery Co. v. F. W. Woolworth Co., 214 La. 876, 39 So.2d 161; Douglas v. Haro, 214 La. 1099, 39 So.2d 744; Welch v. Jacobsmeyer, 216 La. 333, 43 So.2d 678; Florida Molasses Co. v. Berger, 220 La. 31, 55 So.2d 771."
In a more recent case, Campbell v. Wright Adams Realty Co., 220 So.2d 755, 757 (La.App. 1st Cir. 1969) the mandatory terms of Article 934, supra, were again emphasized:
"According to the terms of Article 934, supra, and the jurisprudence interpreting same, it is the mandatory duty of a trial court to permit a reasonable interval in which a petition, defective in the manner shown, may be cured by amendment. In this regard the following observations appearing in Succession of Guidry are apropos:
`The provisions of LSA-C.C.P. Article 934 are unquestionably a codification of the prior jurisprudence and indeed extend the rule of the Reynolds case [Reynolds Metal Co. v. T. L. James & Co., Inc., La.App., 69 So.2d 630], supra, by mandatorily requiring that the trial court afford opportunity to amend when revision can cure or remove the grounds upon which the peremptory exception is founded. The applicable statute is couched in clear and unmistakable verbiage to the effect that the trial court shall allow amendment within a reasonable delay under such circumstances. We hold, therefore, that where the ground of the peremptory exception may be removed by amendment, no discretion is vested in the trial court to grant or deny time for amendment. In such instances the trial court must afford time for amendment. Such is the case in the matter at hand.'" (Emphasis added.)
The jurisprudence interpreting the terms of Article 934, supra, has poignantly shown that when revision can cure or remove the grounds upon which the peremptory exception is founded, then it is a mandatory requirement that the trial court afford opportunity to amend.
The facts at bar show that although a cause of action would not lie against Allegheny as sole owner of a subsidiary corporation absent other allegations, an action against Allegheny, as purchaser, for the debts of its division or also as a purchaser of American Beverage Co., a partnership or sole proprietorship, would be proper. Thus, an amendment of plaintiff's petition properly designating the position and relationship of Associated Royal Crown, Southern Royal Crown Bottling Co., and American Beverage Company to Allegheny and thus the responsibility of Allegheny would have removed the grounds upon which the exception of no cause of action was founded and thereby cured the defect in the petition. The present situation falls directly within the scope of LSA-C.C.P. Art. 934 whereby an amendment must be ordered "[w]hen the grounds of the objection * * * may be removed by amendment * * *."
We are accordingly of the opinion that plaintiff should have been permitted and afforded an opportunity to amend the petition herein. Although this court recognizes *368 that the amendment in the case at bar may appear to be of a contradictory nature to the original pleadings, it is nevertheless an amendment permitting plaintiff to supply a necessary allegation of fact which was wrongfully pleaded. Furthermore, we feel plaintiff should be afforded opportunity to amend his petition by adding omitted allegations, where such allegations can be made. Higginbotham v. Public Belt Railroad Commission, 181 So. 65 (Orl.La.App. 1938); aff'd 192 La. 525, 188 So. 395. The court must consider the merit of permitting amendments in light of the petition and facts of each case. The facts of the case at bar warrant an amendment; however, this holding is not meant to open the door to indiscriminately permit amendments of such a broad nature as not to relate back to the original pleadings.
For the foregoing reasons, the judgment of the trial court is reversed and the matter is remanded to permit plaintiff the opportunity to amend consistent with the views expressed herein.
Reversed and remanded.
REDMANN, Judge (concurring).
The obvious distinction has often been made between a petition which merely fails to state a cause of action and a petition which affirmatively shows that plaintiff does not have a cause of action. There is a satisfying neatness to this distinction as determinative of the question whether leave to amend should be granted.
Still, in a sense even the affirmative showing of failure to have a cause of action can also be "removed by amendment", by merely deleting the fatal allegation (and if need be, substituting a contradictory one). It is doubtful that C.C.P. art. 934's mandatory language applies to such a situation, in view of the article's further provision for dismissal (without leave to amend) "if the grounds of the exception cannot be so removed" by amendment.
Nevertheless it seems just here that plaintiff should be allowed to amend. He sued two business entities, alleging the first was a corporate subsidiary of the second. The second (our appellee) was dismissed "with full prejudice" (as the judgment reads) because the first was a separate corporate entity; and the first would presumably now escape because it is in fact not a separate suable entity, but only a division of the fully dismissed second entity. This result would be an unacceptable penalty for a mistake in pleading. Perhaps we could also avoid this result by amending the judgment to dismissal of Allegheny without prejudice, but this is the same, in substance, as granting leave to contradictorily amend.
I concur in our action permitting such amendment.