WATSON, Judge.
Plaintiff, the Rev. Nathan Lee, filed this tort suit to recover damages for the partial amputation of his foot in an accident alleged to be in the course and scope of his employment. Among those named as defendants were Applewhite, Inc., plaintiff’s employer, and Roy O. Martin Lumber Company, Inc., alleged to be the predecessor of Applewhite, Inc.
Applewhite and Martin filed an exception of no cause of action on the ground that their only liability as' Lee’s employer/former employer would be for workmen’s compensation benefits. This exception was sustained by the trial court, and the suit was dismissed with prejudice as to these defendants.
Lee has appealed from the judgment dismissing his suit against Roy O. Martin Lumber Company, Inc. Counsel for Lee contends that the trial court erred in sustaining the exception as to Martin, because Martin was not the predecessor company of Applewhite, Inc., as alleged in plaintiff’s petition, and thus has never been an employer of Lee. Counsel for Lee asks either reversal or remand to allow amendment of the petition. Counsel for Applewhite and Martin points out that plaintiff’s petition does not in fact state a cause of action in tort against Roy O. Martin Lumber Company, Inc., because it alleges that this corporation was an employer. However, counsel for defendants agrees that plaintiff is entitled under the provisions of LSA-C. C.P. art. 934 to amend to try to state a cause of action against Roy O. Martin Lumber Company, Inc.
In a case with very similar facts, Menard v. Associated Royal Crown Bottling Co., 249 So.2d 363 (La.App. 4 Cir. 1971) *529 amendment was allowed even though, as here, such amendment would contradict the original pleadings.
Under these circumstances, plaintiff should be allowed an opportunity to amend his petition. The judgment on the exception is reversed as to the dismissal of suit against Roy O. Martin Lumber Company, Inc., and the matter is remanded to permit plaintiff Lee the opportunity to amend in order to state a cause of action. Plaintiff Lee is granted fifteen days from the effective date of our decree within which to amend in order to state a cause of action. The trial court is expressly authorized to extend or reduce this delay in accordance with his own judgment, provided such extension or reduction shall be made within five days of the effective date of our decree. The judgment is affirmed as to the dismissal of suit against Applewhite, Inc. Costs of this appeal are assessed to defendant-appellee, Roy O. Martin Lumber Company, Inc.
AMENDED AND REMANDED.