352 So.2d 263 (1977)
SMITH-HEARRON, Plaintiff-Appellee,
v.
FRAZIER, INC., et al., Defendants-Appellants.
No. 13357.
Court of Appeal of Louisiana, Second Circuit.
October 31, 1977.
Rehearing Denied December 5, 1977.
Writ Refused January 20, 1978.
*264 Martin S. Sanders, Jr., Winnfield, for defendants-appellants.
Bice, Russell & Allen, by Charles B. Bice, Winnfield, for plaintiff-appellee.
Before BOLIN, PRICE and MARVIN, JJ.
En Banc. Rehearing Denied December 5, 1977.
MARVIN, Judge.
The president of Frazier, Inc., appeals a $30,000 personal judgment against him in favor of the plaintiff partnership, which performed under a written contract with Frazier, Inc., architectural services for a proposed government housing project.
Plaintiff sued Frazier, Inc., its president, and assignees or vendees of these defendants when it became apparent that Frazier, Inc. was being legally dissolved and that the construction of the project would be undertaken by others. A separate judgment was rendered against Frazier, Inc. and another corporation, and plaintiff's demands against other individual defendants, except for the judgment appealed by the corporate president, were rejected. Only the corporate president appeals. We affirm.
The president-appellant contends that Act 105 of 1968, amending or recodifying the Business Corporations Law, R.S. 12:1 et seq., effectively overruled prior decisions under which piercing of the corporate veil was allowed in certain circumstances. R.S. 12:93(B), C.C. Arts. 435, 437. Appellant alternatively contends that the factual circumstances here, in any event, do not justify imposition of the doctrine against him.
*265 Kingsman Enterprises v. Bakerfield Elec. Co., 339 So.2d 1280 (La.App. 1st Cir. 1976), decided after Act 105 of 1968, did not impose the doctrine, but recognized its validity and cited the several cases applying the doctrine. We also find the doctrine yet viable in Louisiana. Kingsman stated that the circumstances which justify the imposition of the doctrine include:
(1) Commingling of corporate and shareholder funds;
(2) Failure to follow statutory formalities required for incorporation and for the transaction of corporate affairs;
(3) Undercapitalization; and
(4) Failure to hold regular shareholder or directors meetings.
A recent Comment at 38 Tulane Law Review 738 discusses and elaborates on the doctrine as applied by Louisiana courts. It is recognized that the doctrine is imposed even in the absence of fraud where there has been a disregard of the corporate entity to such an extent that the corporation is indistinguishable from its shareholder(s). See Keller v. Haas, 202 La. 486, 12 So.2d 238 (1943); Brown v. Benton Creosoting Company, 147 So.2d 89 (La.App.2d Cir. 1962).
Whether the doctrine is to be imposed is determined by the totality of the circumstances and is primarily a factual finding best made by the trial court. We do not find the lower court erred in its determination here. Among other supporting evidence, the record shows that the appellant was the sole shareholder. No shares were ever issued. A corporate board of directors was named or elected but performed no functions and held no meetings. Its "minute book" contained only blank pages. The corporation had no net worth. It was created in 1970 and had no property other than 13 acres acquired in 1973 which was valued at $34,000, but on which was owed $38,000, borrowed from a bank which held a mortgage on the 13 acres. The mortgage was executed about the same time the corporation acquired the 13 acres. The mortgage note was delinquent in 1975, as Frazier, Inc. had paid nothing thereon. Frazier, Inc. then conveyed the 13 acres to American Community Development Corporation (ACDC), a corporation which was created to attempt the housing project. The appellant was issued 400 of 2,000 ACDC shares in return for his services to ACDC. The remaining shares (1,600) were issued to another individual. ACDC borrowed funds from this same bank and paid the note ($43,000 in principal and interest) owed by Frazier, Inc. to the bank. Frazier, Inc. was thereafter dissolved. ACDC eventually constructed the government housing project on the 13 acres. Judgment was also rendered in favor of plaintiff against ACDC in solido with appellant.
The lower court, in excellent reasons for judgment, detailed appellants' "machinations throughout the whole transaction, from 1970 until the date of this trial, [which] touched all parties to the housing project," and labeled them as "fraud and chicanery" insofar as they affected the indebtedness of plaintiff. The circumstances support a determination that the corporate entity of Frazier, Inc. was in fact disregarded to such an extent that a judgment against appellant is legally justified.
For reasons detailed in the lower court's reasons for judgment and summarized here, and at appellants' cost, judgment is
AFFIRMED.