466 So.2d 788 (1985)
ENTECH SYSTEMS CORPORATION
v.
R.J. GAFFNEY, Individually Gaffney, Inc. and Sonic-Clean, Inc., et al.
No. CA-2357.
Court of Appeal of Louisiana, Fourth Circuit.
March 12, 1985.
*789 Rymon G. Jones, Deutsch, Kerrigan & Stiles, New Orleans, for plaintiff-appellant.
George F. Riess, Gary A. Cotogno, New Orleans, for defendant-appellee.
Before GULOTTA, WARD and WILLIAMS, JJ.
WILLIAMS, Judge.
This is an appeal from a decision of the lower court granting a motion for summary judgment in favor of defendants, R.J. Gaffney, Inc. ["Gaffney, Inc."] and R.J. Gaffney, individually ["Gaffney"].
Plaintiff Entech Systems Corporation ["Entech"] filed suit against Sonic-Clean, Inc., and its successor, Aqua Scrubber Corporation, for breach of contract and damages sustained as a result of alleged negligent representation by defendants in connection with a distribution agreement. The agreement involved distribution of a water treatment device manufactured by defendants that was to be distributed by Entech. First and second supplemental and amending petitions named Gaffney, "the sole shareholder in the previously named defendant corporations" and Gaffney, Inc., which assembled part of the components of the water treatment unit, in an attempt to pierce the corporate veil. In these additional petitions, plaintiff also alleged misrepresentation by defendants. Defendants Gaffney and Gaffney, Inc. filed a motion for summary judgment. In response to the motion for summary judgment, plaintiff filed an opposing affidavit of Melvin M. Pechon, a certified public accountant. The motion for summary judgment was granted by the trial court. It is from this ruling that plaintiff appeals, urging three errors as bases therefor: (1) there was a genuine issue of fact as to whether the conduct on the part of the defendant, Gaffney, supported a disregard of the corporate entity; (2) discovery was incomplete; and (3) the supporting memoranda for the motion for *790 summary judgment failed to substantiate the grounds upon which the motion was based. We find that there exists a genuine issue of fact as to the issue of the integrity of the corporate identity and reverse.
Gaffney individually was the owner and manufacturer of the Aqua Scrubber water treater. He was also the sole shareholder in Sonic-Clean, Inc., later Aqua Scrubber Corporation, which manufactured the product. Gaffney individually approached plaintiff to enter into a contract whereby plaintiff would distribute the water treaters. Claims were made as to the value and as to the quality of the product that was to be distributed. Allegedly, after distribution, problems developed with the water treater. Entech asserts that the defendants were aware that these problems had developed and concealed the information while at the same time continuing to encourage distribution. Because of the lack of funds involved with the Sonic-Clean and Aqua Scrubber Corporations, plaintiff has attempted to pierce the corporate veil in order to reach Gaffney, Inc. and Gaffney individually. Plaintiff asserts that Gaffney had the assets of Aqua Scrubber Corp. transferred to Gaffney, Inc. Gaffney, Inc. is a corporation that handled part of the manufacturing procedure of the water treater.
The general rule is that corporations are distinct from their shareholders who, therefore, are not personally liable for the debts of the corporation. La.Civ.Code arts. 435, 437; La.R.S. 12:93(B); See Texas Industries, Inc. v. Dupuy and Dupuy Developers, Inc., 227 So.2d 265 (La.App. 2d Cir.1969).
There are exceptions to this general rule. If a sole shareholder fails to conduct business on a corporate footing in such a manner that the corporation's identity cannot be distinguished from that of the shareholders, then the corporation can be determined to be the alter ego of the shareholder. In such instances, the shareholder is personally liable for the corporate debt. Keller v. Haas, 202 La. 486, 12 So.2d 238 (1943); see generally, Comment 38 Tul.L. Rev. 738 (1964). A corporate identity may also be disregarded for equitable considerations. See Watson v. Big T Timber Co., 382 So.2d 258 (La.App. 3d Cir.1980).
In order to determine whether Gaffney, Inc. and the other corporations' separate identities had been mingled, the court should look to a variety of indicators: failure to keep separate identities, such as lack of corporation formalities; undercapitalization; failure to keep separate accounting records, et cetera. Cf. Kingsman Enterprises, Inc. v. Bakerfield Electric Co., 339 So.2d 1280 (La.App. 1st Cir.1976).
Solely upon Pechon's affidavit submitted by plaintiff, plaintiff has raised a genuine issue of fact. Pechon's affidavit, based upon his review of corporate documents and tax returns, stated that Sonic-Clean, Inc. was undercapitalized. The affidavit also pointed out at least one instance of commingling of funds between Sonic-Clean and Gaffney, Inc., as well as finding a number of instances reflecting a disregard for the separate corporate entities of Sonic-Clean and Gaffney, Inc. Based upon that affidavit alone, summary judgment should not have been granted, especially in light of the stringency in which the summary judgments standards are applied by the courts. La.Civ.Pr. art. 966.
For the foregoing reasons, the decision of the trial court granting summary judgment is reversed, all costs of this appeal are to be paid by appellee.
REVERSED AND REMANDED.