BOWES, Judge.
Plaintiff/appellant, Professional Occupational Therapy Services, Inc. (hereinafter Professional) appeals a judgment of the district court granting the exception of no cause of action filed by defendants/appel-lees, Ray Murray, Maurice Van Norman, Monica Van Norman and Kevin Halbrook (hereinafter Murray defendants). We reverse and remand for the following reasons.
In June, 1987, Professional filed a suit on open account against Vaneo Human Services, Inc. and the individual Murray defendants, alleging that Professional provided occupational therapy services to Vaneo; that statements totaling $11,396.85 had been billed to Vaneo, and were unpaid at the time of suit. Pertinent to our inquiry are the following allegations of the original petition:
III.
“Petitioner urges that Vaneo Human Services, Inc. is the mere alter ego of its officers or employees, Ray Murray, Maurice VanNorman [sic], Monica VanNor-man [sic] and Kevin Halbrook; that said corporation is merely a shell for the actions of these individuals and as such they should be liable personally and jointly, severely [sic] and in solido for the obligations of Vaneo Human Services, Inc.
IV.
On information and belief petitioner urges that defendants herein in their guides [sic] of Vaneo Human Services, Inc., submitted statements or services or memorandum services provided by POTS to various governmental or private agencies wherein they obtained reimbursement for their expenses for these costs; however, that POTS was never reimbursed for its services; that the work POTS was used to obtain payment but once payment was obtained no payment was in turn made to plaintiff herein.
[[Image here]]
VI.
Defendants herein are also personally liable in that they knew or should have known that Vaneo Human Services, Inc. could not or would not pay these statement [sic] of petitioner; that POTS was permitted and encourage [sic] to continue rendering services when defendants herein at no time intended to reimburse petitioner for its services; that said actions make all parties herein liable jointly, severely [sic] and insólido for the debt.”
. All defendants filed exceptions of vagueness, improper cumulation of action, and no cause of action “because by plaintiffs own admission it was doing services pursuant to an agreement with Vaneo and no one else.”
In October, 1987, prior to judgment on the exceptions, a supplemental and amending petition was filed with the following amendment (among others):
4.
“Petitioner seeks to supplement and/or amend the original petition by *333 adding a paragraph numbered X to read as follows:
X.
Defendants, Ray Murray, Maurice VanNorman [sic], Monica VanNorman [sic] and Kevin Halbrook utilized Vaneo Human Services, Inc., as their mere alter ego and that said corporation is a mere shell and veil for the transactions of the personal business of said defendants; that said corporation was utilized in these proceedings to take advantage of plaintiff and reap the benefits of her work, but deny her payment for services which she rendered;”
In March, 1988, the district court dismissed all the exceptions and ordered the defendants to answer within 10 days. An answer was filed which was a general denial of both the original and supplemental petitions, and alleged defenses which included an allegation that the petition failed to state a cause of action. In June, the Murray defendants filed a second “Exception of Failure To State A Cause of Action”, urging that the allegations of plaintiff that Vaneo “is the mere alter ego of its officers or employees” and “a mere shell and veil for ... the personal business of said defendants” were “conclusionary” [sic] statements rather than factual allegations, and do not support the claims made by plaintiffs against the defendants. Following a hearing on the second exception, the trial court inexplicably granted judgment in favor of the Murray defendants, maintaining the exception of failure to state a cause of action and dismissing the suit against those defendants with prejudice.
Professional has appealed, alleging three assignments of error:
1. That 'the trial court erred in granting the exception since the March 1988 judgment was res judicata as to the exception of no cause of action;
2. In granting the exception without giving Professional leave to amend;
3. And in granting the judgment with prejudice.
RES JUDICATA
With regard to the first assignment of error that the trial court erred in granting the second exception of failure to state a cause of action after once dismissing such an exception because the first action was res judicata, we observe that the denial of an exception of no cause of action is an interlocutory judgment. LSA-C.C.P. art. 1841. Updegraff v. Parish of St. Bernard, 433 So.2d 863 (La.App. 4 Cir.1983); Brian v. Target, Inc., 395 So.2d 372 (La.App. 1 Cir.1981). The Code of Civil Procedure permits reconsideration of the overruling of peremptory exceptions, and the court has the right, at any stage of the proceedings at which the objection was made, to set aside that decree and sustain the exception. R.G. Claitor’s Realty v. Juban, 391 So.2d 394 (La.1980). For the doctrine of res judicata to be applicable, the prior judgment must be a final one. Succession of Cameron, 446 So.2d 948 (La.App. 3 Cir.1984); Morris v. Morris, 336 So.2d 254 (La.App. 1 Cir.1976). This specification of error is without merit.
NO CAUSE OF ACTION
It is apparent that a cause of action does exist against shareholders of a corporation under certain circumstances.
... [T]here are limited exceptions to the rule of non-liability of shareholders for the debts of a corporation whereby the court may ignore the corporate fiction and hold the individual liable. In such situations, a litigant can reach an individual shareholder by “piercing the corporate veil,” thereby rendering the individual liable for the debts incurred by the corporation. Liberto v. Villard, 386 So.2d 930 (La.App. 3rd Cir.1980).
One such exception to the non-liability rule involves situations where fraud or deceit has been practiced on a third party by the shareholder acting through the corporation. LSA-R.S. 12:95; Kingsman Enterprises v. Bakerfield Elec. Co., 339 So.2d 1280 (La.App. 1st Cir.1976); Dillman v. Nobles, 351 So.2d 210 (La.App. 4th Cir.1977); Bossier Millwork *334 & Supply Co. v. D. & R. Const. Co., 245 So.2d 414 (La.App. 2nd Cir.1971).
[[Image here]]
The corporate veil may be pierced, even in the absence of fraud, where there has been a disregard of the corporate entity to such an extent that the corporation is indistinguishable from the shareholders. Cahn Elec. Appliance Co., Inc. v. Harper, 430 So.2d 143 (La. App. 2nd Cir.1983); Smith-Hearron v. Frazier, Inc., 352 So.2d 263 (La.App. 2nd Cir.1977), writ denied, 353 So.2d 1337 (La.1978); Dillman v. Nobles, supra. See also Brown v. Benton Creosoting Co., 147 So.2d 89 (La.App. 2nd Cir.1962); Keller v. Haas, 202 La. 486, 12 So.2d 238 (1943), affirmed 209 La. 343, 24 So.2d 610 (1945). When the members fail to conduct a corporation on a separate footing, the court may ignore the corporate entity and hold individual members liable to third parties. In such a situation, the corporation is referred to as the “alter ego” of its members. Union Local P-1476, Etc. v. Union, Etc., 408 So.2d 371 (La.App. 1st Cir.1981); Kingsman Enterprises v. Bakerfield Elec. Co., supra. Harris v. Best of America Inc. 466 So.2d 1309 (La.App. 1 Cir.1985), writ denied 470 So.2d 121 (La.1985)
See also T.L. James & Co. v. Kenner Landing, Inc., 550 So.2d 1378 (La.App. 5 Cir.1989), affirmed 562 So.2d 914 (La.1990), in which we discussed the concept and requisites of piercing the corporate veil.
Paragraph VI of the original petition alleges action on the part of the Murray defendants which, if proven, could constitute deceit and very possibly fraud practiced against a third party so as to trigger individual liability. Harris, supra; and the cases cited therein. An allegation which is a mere statement of a conclusion of law does not state a cause of action. Delta Bank & Trust Co. v. Lassiter, 383 So.2d 330 (La.1980). However, petitioner, by alleging that the defendants knew or should have known that Vaneo could not or would not pay the invoices, yet encouraged petitioner to render services when they did not intend to reimburse her for these services, does, indeed, make specific factual allegations which are not mere conclusions of law.
The Louisiana Supreme Court has firmly and clearly established the procedural law in this area through a long and unbroken line of decisions to the following effect:
The purpose of an exception of no cause of action is to determine the sufficiency in law of the petition. The exception is triable on the face of the papers and for the purposes of determining the issues raised by the exception, the well pleaded facts in the petition must be accepted as true. La.C.C.Pro. art. 927; Mayer v. Valentine Sugars, Inc., 444 So.2d 618 (La.1984); Haskins v. Clary, 346 So.2d 193 (La.1977). The general rule applicable to a trial of such exception is that an exception of no cause of action must be overruled unless the allegations of the petition exclude every reasonable hypothesis other than the premise upon which the defense is based; that is, unless the plaintiff has no cause of action under any evidence admissible under the pleadings. Haskins, supra, at 195; West v. Ray, 210 La. 25, 26 So.2d 221 (1946).
Darville v. Texaco, Inc., 447 So.2d 473 (La.1984).
See also L.P. v. Oubre, 547 So.2d 1320 (La.App. 5 Cir.1989), writ denied 550 So.2d 634 (La.1989).
Because a petition is subject to more than one interpretation or is vague, does not mean that it is fatally deficient. A vague, uncertain, or indefinite petition is subject to an exception of vagueness, but not to an exception of no cause of action.
Arnold v. Arnold, 376 So.2d 528 (La.App. 3 Cir.1979).
Accordingly, we find that appellant stated a cause of action against the individual defendants, and the exception should have been dismissed, as the trial court originally held. The trial court erred in maintaining the exception the second time it was raised, and that judgment, therefore, must be set aside.
*335 In any event, the trial judge should not have dismissed the case with prejudice without giving petitioner an opportunity to amend his petition to cure the alleged defect which the court had now found. This is a basic right and not permitting such an amendment is manifest error.
LSA-C.C.P. art. 934 states:
When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection cannot be so removed, or if plaintiff fails to comply with the order to amend, the action shall be dismissed.
In Robinson v. North American Royalties, Inc., 470 So.2d 112 (La.1985), the Supreme Court found as follows:
Plaintiff is therefore entitled to an opportunity under the mandatory terms of the Code to attempt to remove the grounds for the objection by amending his petition, before his action can be dismissed with prejudice and without an opportunity to go to trial. [Emphasis supplied]
See also Kiser v. Parish of Jefferson, 498 So.2d 115 (La.App. 5 Cir.1986), writ denied 500 So.2d 423 (La.1987).
Robinson and Kiser are applicable to the present case, notwithstanding the fact that plaintiff voluntarily amended the petition once already. The trial judge should not have dismissed the action at all, but, if he did, then, at a minimum, he was required by law to give appellants leave and ample time to amend.
For the foregoing reasons, the judgment appealed from is annulled and set aside, and the case is remanded to the trial court for further proceedings and trial on the merits with all named defendants. Appel-lees are assessed all costs of this appeal.
ANNULLED AND REMANDED.