(121 So. 759)

No. 29228.

GORDON v. BATON ROUGE STORES CO., Inc., et al.

March 25, 1929.

Charles A. Battle and Taylor, Porter, Loret & Brooks, all of Baton Rouge, for appellant.

Dewey J. Sanchez and Charles A. Holcombe, both of Baton Rouge, for appellee Rodriguez.

OVERTON, J. The Baton Rouge Stores, Inc., is a body corporate, organized under

the laws of this state by others than the present stockholders. Some time after its incorporation, Albert Rodriguez, Sr., his wife, and his son, Albert Rodriguez, Jr., acquired the outstanding stock of the corporation; Albert Rodriguez, Sr., acquiring, apparently, all of it, with the exception of two shares, one of which was acquired by his wife and the other by his son.

The three members of the Rodriguez family named, after their acquisition of the stock, constituted the board of directors of the corporation. Albert Rodriguez, Sr., was made president of the corporation, his son, vice president, and his wife, secretary and treasurer. Under this management the corporation increased the number of stores owned by it from one to nine.

On March 29, 1927, several years after the Rodriguez family had acquired the stock of the corporation, the corporation became unable to meet its debts as they matured; and, on the application of Preston B. Gordon, was placed in the hands of a receiver. On July 18, 1927, the receiver filed an account of the receivership, in which he refused to recognize a claim against the corporation, presented by Albert Rodriguez, Sr., for the sum of $22,571. Rodriguez, not being satisfied with the rejection of his claim, filed an opposition to the account of the receiver. In this opposition, he alleges that the corporation is indebted to him in the sum of $22,568 for money advanced by him to it, on various dates, running from January 22, 1922, to March 30, 1927. There was judgment in the lower court in favor of Rodriguez for the sum claimed by him.

The evidence makes it certain that Rodriguez mortgaged his property, from time to time, to obtain loans from the Bank of Baton Rouge, aggregating $17,500, and that he deposited the proceeds of these loans to the credit of the corporation. The evidence also establishes that Rodriguez advanced the corporation $2,068 with which to pay Bonnette Bros. for a store at Dixie, La., which after its purchase was operated by the corporation. As to the remaining $3,000, alleged to have been advanced in January, 1922, the evidence is not so clear, though it is not unlikely that this amount was advanced.

Assuming that the amount last named was advanced, which is highly probable, nevertheless we think that the record does not justify the allowance of Rodriguez's claim for the full amount of $22,568, or for any part thereof. We so think, because after the acquisition by him, his wife and son, of the stock of the corporation, Rodriguez, with the apparent consent of the two remaining stockholders, treated the business of the corporation as his individual business. He procured leases, at least in some instances, that were intended for and actually used by the corporation, in his own name. He testified that the revenues of his property were placed to the credit of the corporation. He had no individual bank account. He says that he lived out of his salary as president of the corporation, but concedes that he had no fixed salary. Whenever he wished money for his living expenses or for his personal account, he withdrew it, at pleasure, from the corporation. In these circumstances, due to the manner in which he, himself, conducted the business during the five years or more in which he was in charge of it, it is impossible to say with legal certainty what balance, if any, is due him on the advances made. Of course, were we to treat the amounts withdrawn by him as salary, whatever they may aggregate, there would not be any difficulty in holding that he is entitled to the full amount of his claim, or, at least, to almost all of it; but such action on our part would not be justified, especially when it is considered that the corporation is hopelessly insolvent. In our view the claim should be rejected.

For the reasons assigned, the judgment appealed from, sustaining the opposition of Al-

bert Rodriguez, Sr., is set aside, and judgment is now rendered dismissing said opposition at opponent's cost in both courts.

O'NIELL, C. J., dissents.