476 So.2d 554 (1985)
WEST BUILDING MATERIALS, INC., Plaintiff-Appellee,
v.
Phillip DALEY, Defendant-Appellant.
No. 84-695.
Court of Appeal of Louisiana, Third Circuit.
October 10, 1985.
*556 McClain, Morgan & Savoy, David J. Williams, Lake Charles, for plaintiff-appellee.
James Miguez and Carl Leckband, Lake Charles, for defendant-appellant.
Before STOKER, DOUCET and KNOLL, JJ.
STOKER, Judge.

HISTORY OF CASE
West Building Materials, Inc. (West), of Lake Charles, Louisiana, filed suit against Phillip Daley on an open account maintained by All South Builders, Inc. (All South). All South is a corporation owned and operated by Daley and his family. The amount owed was $1,540.38. Daley filed an exception of no right or cause of action claiming he was not personally obligated since the debt was owed by All South. West filed a First Supplemental and Amending Petition alleging that Daley signed a credit application in which he personally guaranteed the debts of All South. West also alleged that Daley should be liable for the debts of the corporation because he disregarded the corporate entity to such an extent that the corporation was indistinguishable from its shareholder, Phillip Daley. West sought to recover interest on the account at the rate of 1½% per month and reasonable attorney fees based on terms provided in the credit application signed by Daley.
The case was presented to the court in the form of stipulation by and between counsel and documents filed with the court. These documents include the deposition of the defendant-appellee, Phillip Daley, and attached thereto are the invoices which evidence the debt at issue.
The trial court granted judgment for the defendant, Daley, and the plaintiff, West Building Materials, Inc., appeals. We affirm.

FACTS
All South Builders, Inc. is a construction company owned by Phillip Daley, his wife, and his two sons. Daley was the president of the corporation and his wife was vice president. All South carried on its business of construction by subcontracting out all of the work. Daley testified by deposition that some supplies and building materials were purchased from West Building Materials, Inc. by his corporation, All South. He explained that the subcontractors were the parties who actually did the purchasing and signed the invoices evidencing receipt of the items.
The invoices show that materials valued at $1,540.38 were billed to All South Builders, Inc. between July 23, 1982 and September 24, 1982. West sued Daley personally for the debt and not the corporation, because All South is no longer doing business and lacks the funds to pay the debt.
At trial West argued that Daley should be held personally responsible for the debt because he signed as guarantor on a credit application. In addition to payment of the general indebtedness, the credit application provided for a service charge of 1½% per month and reasonable attorney fees. The trial court held the credit application too deficient to be applicable in any manner. In addition to the court's remarks concerning the credit application, we note that the name of All South Builders, Inc. does not even appear on the credit application. We agree with the trial court in finding the letter wholly inapplicable.
On appeal, West argues the court is justified in piercing the corporate veil on either of two grounds. First, West argues that *557 defendant Daley and his corporation perpetrated a fraud against West by purchasing materials for his personal use in the name of All South. West also claims that purchases were made at a time when Daley knew that business was bad and the corporation might fold and, indeed, some purchases were made after the corporation ceased to function. Second, West argues that if the court fails to find fraud, the court is still justified in piercing the corporate veil because the totality of its circumstances indicate that Daley commingled his personal and business affairs and additionally failed to follow other corporate formalities.
West finally argues that judgment should be granted in favor of West under the unjust enrichment theory.

PIERCING THE CORPORATE VEIL
The Louisiana approach to piercing the corporate veil has been clearly stated in the recent case of American Bank of Welch v. Smith Aviation, Inc., 433 So.2d 750 (La. App.3d Cir.1983) at page 752:
"[1] The general rule that corporations are distinct legal entities, separate and distinct from the individuals who compose them, is statutory in origin, and well recognized in the Louisiana jurisprudence. LSA-C.C. Article 435; Kingsman Enterprises, Inc. v. Bakerfield Electric Company, Inc., 339 So.2d 1280 (La.App. 1 Cir.1976); Buckeye Cotton Oil Company v. Amrhein, 168 La. 139, 121 So. 602 (La.1929); Texas Industries, Inc. v. Dupuy & Dupuy Developers, Inc., 227 So.2d 265 (La.App. 2 Cir.1969); Johnson v. Kinchen, 160 So.2d 296 (La. App. 1 Cir.1964). Thus, shareholders are not individually responsible for the debts due by the corporation. LSA-C.C. Article 437; LSA-R.S. 12:93(B); Kingsman Enterprises, Inc. v. Bakerfield Electric Company, Inc., supra; Texas Industries, Inc. v. Dupuy & Dupuy Developers, Inc., supra.
"There are, however, limited exceptions to the rule of non-liability of shareholders for the debts of a corporation whereby the court may ignore the corporate fiction and hold the individual member or members liable. In such situations, courts commonly refer to the corporation as the "alter ego" of the shareholder. One such exception to the non-liability rule involves situations where fraud or deceit has been practiced on a third party by the shareholder acting through the corporation. LSA-R.S. 12:95; Kingsman Enterprises, Inc. v. Bakerfield Electric Company, Inc., supra; Bossier Millwork & Supply Company v. D. & R. Construction Company, 245 So.2d 414 (La.App. 2 Cir.1971).
"Another basis for disregarding the corporate entity involves the failure to conduct a business on corporate footing, thereby disregarding the corporate entity to such an extent that the corporation ceases to be distinguishable from its shareholders. Kingsman Enterprises, Inc. v. Bakerfield Electric Company, Inc., supra; Gordon v. Baton Rouge Stores Company, 168 La. 248, 121 So. 759 (La.1929); Brown v. Benton Creosoting Company, 147 So.2d 89 (La.App. 2 Cir.1962), writ denied, (La.1963). In Louisiana, courts usually base their rule upon the often-quoted language of Keller v. Haas, 202 La. 486, 12 So.2d 238 (La.1943), which is found on page 240:
`It is well settled that where an individual forms a corporation of which he is the sole and only stockholder or owns such control of the stock that the act of the corporation is his own, then he may not use the screen of corporate entity to absolve himself from responsibility.'
"However, the broad language quoted gives little indication as to what circumstances justify piercing a corporate veil absent fraud on the part of the shareholder. Some factors to consider may include but are not limited to: comingling of corporate and shareholder funds; failure to follow statutory formalities for incorporation and the transaction of corporate affairs; under-capitalization; failure to provide separate bank accounts and bookkeeping records; and, *558 failure to hold regular shareholder or directors meetings. Kingsman Enterprises, Inc. v. Bakerfield Electric Company, Inc., supra; Smith-Hearron v. Frazier, Inc., 352 So.2d 263 (La.App. 2 Cir.1977), writ denied, 353 So.2d 1337 (La.1978).
"Finally, regardless of the basis for piercing the corporate veil, it is clear that the situation must be viewed with regard to the totality of circumstances in each case. It should be kept in mind that in Louisiana the concept of the separation of the corporate entity from its shareholders is the general rule and is firmly established. Because of the beneficial role of the corporate concept, this principle should be disregarded only in exceptional circumstances. Kingsman Enterprises, Inc. v. Bakerfield Electric Company, Inc., supra; Johnson v. Kinchen, supra. When fraud or deceit is absent, other circumstances must be so strong as to clearly indicate that the corporation and shareholder operated as one. Kingsman Enterprises, Inc. v. Bakerfield Electric Company, Inc., supra."
The trial court did not address the question of whether Daley's behavior constituted fraud because it found that fraud had not been alleged. LSA-C.C.P. art. 856 states:
"In pleading fraud or mistake, the circumstances constituting fraud or mistake shall be alleged with particularity."
West correctly argues that the word fraud need not be mentioned in the petition to comply with the statutory mandate. LSA-C.C.P. art. 856 only requires that the facts which constitute the fraud be stated with specificity. The trial court's error is harmless since upon examination of the alleged facts we find no fraud. Layne v. Schroeder, 399 So.2d 1262 (La.App. 4th Cir.1981), writ denied, 405 So.2d 531 (La. 1981); Shapar, Inc. v. Cliff's Wholesale Pizza Products, Inc., 428 So.2d 1033 (La. App. 1st Cir.1983).
West asserts that a fraud was perpetrated against it when Daley used materials purchased by his corporation, All South, to improve his personal property. The property referred to was the building which housed the corporation. It also claims that purchases were made at a time when the defendant knew the corporation was in financial straights and in danger of failing. It additionally claims that at least two purchases were made after the time which defendant testified the corporation had ceased to function.
We find that defendant's acts were those made in the normal course of business with no intent to defraud plaintiff. Building materials were merely purchased and used to refurbish the office of the corporation. It does not appear that Daley incurred debts in anticipation of closing the corporation in order to evade his obligation. In actuality the corporation has never been formally liquidated. We find this pattern of behavior does not rise to the level of fraud.
As previously stated, in the absence of fraud or deceit, the totality of circumstances must clearly indicate that the shareholder and the corporation were acting as one. The use of some of the building materials for Daley's personal benefit was properly considered by the trial court as only one of the factors to be weighed.
The trial court applied the proper test for consideration of the totality of the circumstances. The court said that the proper factors to consider are, "co-mingling[sic] of corporate and shareholder funds; failure to follow statutory formality for incorporation and the transaction of corporate affairs; failure to provide separate bank accounts and records; and failure to hold regular shareholders or directors meetings." Applying the evidence to these considerations the court held "it is evident that there was neither co-mingling[sic] of corporate funds with those of any shareholders, nor was there a failure to provide separate accounts and records for the corporation. It appears that All South Builders, Inc. was properly incorporated, and although there were no regular *559 shareholders' meetings, this is not enough to allow piercing of the corporate veil." We agree.

UNJUST ENRICHMENT THEORY
West's last argument is based on the unjust enrichment theory. Requirements for recovery under this theory is that there be an enrichment, an impoverishment, a causal connection between the two, an absence of justification or cause for the enrichment or impoverishment, and an absence of remedy at law. Johnson v. Hospital Affiliates Inter, Inc., 416 So.2d 207 (La.App. 1st Cir.1982); Cabral v. CIB Investments, Inc., 433 So.2d 897 (La.App. 5th Cir.1983). Unjust enrichment is not a remedy to be resorted to in every case. Carter v. Flanagan, 455 So.2d 689 (La.App. 2d Cir.1984). West asserts that this is such a case and that all the elements of unjust enrichment are met. We disagree. The trial court mentioned that it might have awarded payment for materials used for Daley's personal benefit if the invoices had been more clear. We also disagree with this approach.
It is rather tenuous to argue that there is even an enrichment in this case. The building materials were used at the site of the corporation. The improvements could very well have been made for the corporation. There appears to be a just cause for the transaction and the law offers a remedy. West can sue the corporation. The law does not guarantee that all debtors will be solvent, it only offers the opportunity to seek redress from that debtor.
For the foregoing reasons we affirm the judgment of the trial court.
AFFIRMED.