496 So.2d 1360 (1986)
SUTTON'S STEEL & SUPPLY, INC., Plaintiff-Appellee,
v.
B.D. VAN STAVERN, d/b/a Van Stavern Companies, Defendant-Appellant.
No. 85-1163.
Court of Appeal of Louisiana, Third Circuit.
November 5, 1986.
Writ Denied December 19, 1986.
J. Wayne Landry, New Iberia, for defendant-appellant.
*1361 Landry, Watkins and Bonin, Nan M. Landry, New Iberia, for plaintiff-appellee.
Before DOMENGEAUX, YELVERTON and KNOLL, JJ.
DOMENGEAUX, Judge.
Defendant, B.D. Van Stavern, appeals a judgment in a suit on open account awarding plaintiff, Sutton's Steel & Supply, Inc., $40,437.91 and attorney's fees.

BACKGROUND FACTS
Mr. Van Stavern is Chairman of the Board of Directors, President, and sole stockholder of the Van Stavern Construction Co., Inc. (hereinafter called the Corporation), a Missouri corporation. In the summer of 1983 the Corporation was engaged in the construction of an ethanol plant in Patoutville, Iberia Parish. Fred Hash, an employee of the Corporation, was acting as field supervisor in charge of the Corporation's part of the Patoutville project. As part of his duties, Mr. Hash entered into a contract with Sutton's Steel for the purchase of steel to be used in constructing the plant. There is no doubt that Mr. Hash had authority to make such a contract on behalf of the Corporation. Sutton's Steel opened an account after making the agreement with Mr. Hash and began delivery of materials to the Patoutville site in June, 1983. Deliveries continued through January, 1984. Employees of the Corporation accepted the materials upon delivery and approved the invoices.
Between June, 1983 and January, 1984 Sutton's Steel made out 133 invoices for steel delivered to the construction site, naming B.D. Van Stavern as the purchaser. Sutton's Steel originally mailed these invoices to the Corporation office in Missouri, but later mailed them to the Patoutville site for verification and forwarding to Missouri. Payment was made by check for steel delivered through December 2, 1983. Payment was not made for the steel delivered after December 2, 1983, leaving an unpaid balance of $40,437.91.
Sutton's Steel brought this suit against B.D. Van Stavern, individually, for recovery of the unpaid balance, alleging that Mr. Van Stavern is personally liable for the debt.
Sutton's Steel advanced the following three theories at trial for holding Mr. Van Stavern liable:
(1) That B.D. Van Stavern clothed Fred Hash with apparent authority to purchase the steel in his name;
(2) That B.D. Van Stavern abused the Van Stavern Construction Co., Inc. corporate entity to such an extent that piercing the corporate veil to hold him personally liable was warranted;
(3) That B.D. Van Stavern ratified the agreement that Fred Hash made with Sutton's Steel.
The trial court rendered judgment for Sutton's Steel based on its finding that Mr. Van Stavern ratified the unauthorized agreement Fred Hash made with Sutton's Steel, on his behalf. We conclude that the trial court erred in so finding and reverse on this basis.
The trial court also found that Mr. Van Stavern did not clothe Fred Hash with apparent authority to make the contract with Sutton's Steel on his behalf and that piercing the corporate veil to hold Mr. Van Stavern personally liable as the sole stockholder was not warranted.
Since we conclude the trial court erred in its finding with respect to ratification we must also address Sutton's Steel's assignment of error with respect to the trial court's conclusion on piercing the corporate veil. We will discuss the ratification issue first.

RATIFICATION
The concept of a principal ratifying an agent's unauthorized acts is recognized in Civil Code Articles 3010[1] and 3021.[2] *1362 Ratification is a person's adoption of an act done on his behalf by another without authority and amounts to a substitute for prior authority. First National Bank of Shreveport v. Crawford, 455 So.2d 1209 (La.App. 2nd Cir.1984); Bamber Contractors v. Morrison Engineering, 385 So.2d 327 (La.App. 1st Cir.1980). Also, the party relying on ratification must show that the person who did the unauthorized act represented that he was acting as agent for, or on behalf of, the person allegedly ratifying the act.
In this case, the trial court found that Mr. Hash represented to Sutton's Steel that he was acting as agent for Mr. Van Stavern. The court also found that Sutton's Steel agreed to sell Mr. Van Stavern steel for the Patoutville construction project upon this representation. The trial court further found that Mr. Hash did not have authority to make such an agreement on behalf of Mr. Van Stavern, but did have authority to make the agreement on behalf of the Corporation. The witnesses' testimony concerning whether Mr. Hash professed to represent Mr. Van Stavern or the Corporation is conflicting. However, a review of the record establishes that the trial court's conclusion is not clearly wrong. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
Additionally, for ratification to occur, the facts must indicate a clear and absolute intent to ratify the act, and no intent will be inferred when the alleged ratification can be explained otherwise. First National Bank of Shreveport v. Crawford, supra; Bamber Contractors v. Morrison Engineering, supra. Furthermore, the person allegedly ratifying the unauthorized act must have full knowledge of the material facts surrounding the transaction. First National Bank of Shreveport v. Crawford, supra; Pargas, Inc. v. Estate of Taylor, 416 So.2d 1358 (La.App. 3rd Cir.1982).
Ratification can be inferred when the person to be bound, with full knowledge of the material facts, fails to repudiate the unauthorized act, and instead accepts and retains the benefits of the act. First National Bank of Shreveport v. Crawford, supra; Bamber Contractors v. Morrison Engineering, supra; Ledoux v. Old Republic Life Insurance Co., 233 So.2d 731 (La.App. 3rd Cir.1970), writ denied, 236 So.2d 501 (La.1970).
Therefore, for ratification to be found here, Sutton's Steel must show that Mr. Van Stavern was aware of the material facts from which it could be concluded that he was personally obligated on the contract for the purchase of the steel.
In this case, the trial court found that Mr. Van Stavern honestly believed that he was operating in Louisiana without personal liability for obligations incurred in constructing the ethanol plant. Mr. Van Stavern's personal liability is the most significant element of the contract Mr. Hash made with Sutton's Steel. Without knowledge of this element of the contract, Mr. Van Stavern did not have the knowledge of all material facts necessary to ratify the contract. The trial court, therefore, erred when it found that Mr. Van Stavern ratified the contract, while at the same time finding that he did not believe he was operating in Louisiana with personal liability.
Sutton's Steel argues that, from all the circumstances, it can be inferred that Mr. Van Stavern was aware of the contract binding him personally. Sutton's Steel points to the 133 invoices addressed to B.D. Van Stavern and mailed to the Van Stavern Companies' offices in Missouri. Sutton's Steel points out that Mr. Hash and other employees approved all the invoices without *1363 comment. It notes that many of the invoices were paid from the Van Stavern Companies' account with checks signed by Mr. Van Stavern.
While the trial court found that persons involved in the Patoutville construction project approved the 133 Sutton's Steel invoices, bearing the name B.D. Van Stavern as purchaser, the court did not find that Mr. Van Stavern was aware of the invoices. It cannot be inferred that because people close to Mr. Van Stavern saw the invoices, that Mr. Van Stavern saw the invoices. Without knowledge that the invoices were addressed to him personally as purchaser, Mr. Van Stavern's failure to comment on the incorrect billing and his payment of the approved invoices are not facts which show a clear intent to ratify.
Furthermore, Mr. Van Stavern's payment of the invoices through the Corporation and Van Stavern Companies' accounts, is consistent with his belief that Mr. Hash made the contract with Sutton's Steel on behalf of the Corporation.
Finally, Mr. Van Stavern did not accept the benefits of the contract. The evidence shows that the steel was delivered directly to the Patoutville construction site and accepted by the Corporation's employees. The steel was paid for with the Corporation's funds. Mr. Van Stavern did not benefit directly by the transfer of the steel to the Corporation but only indirectly as its stockholder. This is not the type of benefit necessary to show ratification because it does not manifest the requisite intent to ratify the unauthorized act. The acceptance of the steel is merely an act consistent with Mr. Van Stavern's belief that the contract was made on behalf of the Corporation.
Therefore, we conclude that the trial court erred in finding that Mr. Van Stavern ratified the unauthorized contract Mr. Hash made with Sutton's Steel.
Because of this conclusion, we must now address Sutton's Steel's argument that the trial court erred in failing to disregard the Corporation's corporate entity to hold Mr. Van Stavern liable.

PIERCING THE CORPORATE VEIL
The Louisiana law on piercing the corporate veil was stated in West Building Materials, Inc. v. Daley, 476 So.2d 554 (La. App. 3rd Cir.1985), at page 557, as follows:
"The general rule that corporations are distinct legal entities, separate and distinct from the individuals who compose them, is statutory in origin, and well recognized in the Louisiana jurisprudence. LSA-C.C. Article 435; ... Thus, shareholders are not individually responsible for the debts due by the corporation....
There are, however, limited exceptions to the rule of non-liability of shareholders for the debts of a corporation whereby the court may ignore the corporate fiction and hold the individual member or members liable. In such situations, courts commonly refer to the corporation as the `alter ego' of the shareholder. One such exception to the non-liability rule involves situations where fraud or deceit has been practiced on a third party by the shareholder acting through the corporation....
Another basis for disregarding the corporate entity involves the failure to conduct a business on corporate footing, thereby disregarding the corporate entity to such an extent that the corporation ceases to be distinguishable from its shareholders ... In Louisiana, courts usually base their rule upon the often-quoted language of Keller v. Haas, 202 La. 486, 12 So.2d 238 (La.1943), which is found on page 240:
`It is well settled that where an individual forms a corporation of which he is the sole and only stockholder or owns such control of the stock that the act of the corporation is his own, then he may not use the screen of corporate entity to absolve himself from responsibility.'
However, the broad language quoted gives little indication as to what circumstances justify piercing a corporate veil absent fraud on the part of the shareholder. Some factors to consider may *1364 include but are not limited to: comingling of corporate and shareholder funds; failure to follow statutory formalities for incorporation and the transaction of corporate affairs; under-capitalization; failure to provide separate bank accounts and bookkeeping records; and, failure to hold regular shareholder or directors meetings....
Finally, regardless of the basis for piercing the corporate veil, it is clear that the situation must be viewed with regard to the totality of circumstances in each case. It should be kept in mind that in Louisiana the concept of the separation of the corporate entity from its shareholders is the general rule and is firmly established. Because of the beneficial role of the corporate concept, this principle should be disregarded only in exceptional circumstances.... When fraud or deceit is absent, other circumstances must be so strong as to clearly indicate that the corporation and shareholder operated as one...." (Citations omitted).
Sutton's Steel argues here that Mr. Van Stavern, as the sole stockholder of the Corporation, conducted the business of the Corporation in a manner which prevented third parties from distinguishing the corporate entity from its sole shareholder. However, examination of the relevant factors stated above does not show this to be correct. The record does not reveal evidence showing that Mr. Van Stavern co-mingled his personal funds with those of the Corporation. Nor does the record reveal that Mr. Van Stavern disregarded the statutory formalities in incorporating the Corporation. In fact, a Missouri Certificate of Corporate Good Standing indicates that the Corporation was incorporated under Missouri law and was in compliance with all requirements. There is no evidence that Mr. Van Stavern failed to hold directors meetings or to keep records of those meetings. Also, there is no evidence that Mr. Van Stavern failed to hold shareholder meetings either. The evidence does not show that the corporation was under-capitalized either.
The record does indicate that separate bank accounts and bookkeeping records were kept. While many of the checks were paid out of the Van Stavern Companies' account, the testimony of Paul Mastion, accountant for Mr. Van Stavern, reveals that Van Stavern Companies is a management company set up to increase the operating efficiency of Mr. Van Stavern's various companies by centralizing some functions. The evidence revealed that when payment was made on the Van Stavern Companies' account, an equal amount was transferred to that account from the Corporation's account. Records of these transactions were kept, maintaining and recognizing the separate corporate existence of the Corporation.
Viewing the total circumstances, we cannot conclude that Mr. Van Stavern and the Corporation were indistinguishable. Therefore, the trial court did not err in failing to disregard the Corporation's corporate entity.
Since we conclude that piercing the corporate veil is not warranted in this case and since we conclude that the trial court erred in finding that Mr. Van Stavern ratified the agreement binding him personally, we reverse.
We order plaintiff's suit dismissed. All costs at trial and on appeal are to be assessed against plaintiff.
REVERSED AND RENDERED.
NOTES
[1] C.C. Art. 3010. Liability for acts beyond authority; ratification

Art. 3010. The attorney can not go beyond the limits of his procuration; whatever he does exceeding his power is null and void with regard to the principal, unless ratified by the latter, and the attorney is alone bound by it in his individual capacity.
[2] C.C. Art. 3021. Execution of engagements made by mandatary

Art. 3021. The principal is bound to execute the engagements contracted by the attorney, conformably to the power confided to him.
For anything further he is not bound, except in so far as he has expressly ratified it.