**Linda CALGAGNO, et al.**

v.

**John W. EZELL.**

Civ. A. 89–3821.

United States District Court,
E.D. Louisiana.

Feb. 20, 1990.

Herman C. Hoffman, Jr., Hurley & Hoffmann, New Orleans, La., for Linda Calgagno et al.

Ronald Joseph Vega, Middleberg, Riddle & Gianna, New Orleans, La., for John W. Ezell.

## ORDER AND REASONS

MENTZ, District Judge.

Before the Court is the bankruptcy appeal of Linda Calgagno and her husband, Claude Ocmond, who appeal the dismissal of their adversary complaint against John W. Ezell, III and Aimee Ezell. The appellants claim that the debt owed to them by Ezell is nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A) and (a)(4). The complaint was dismissed by the bankruptcy judge on July 10, 1989. An appeal was taken to this Court and a hearing was held on November 8, 1989. The matter was subsequently taken under submission. Af-

ter reviewing the record, memoranda and arguments of counsel, and the law, the Court reverses the bankruptcy court for the reasons set forth below.

## ANALYSIS

The appellants contracted with Ezell and J.W. Ezell and Associates, Inc. to build a home on a "cost-plus" basis. Per the contract terms, appellants made payments periodically as construction progressed from October 1986 through March 1987. Payments were made to J.W. Ezell and Associates, Inc. to "reimburse" the contractor for payments made to subcontractors and for materials purchased. In particular, the appellants were invoiced by Ezell and Associates for reimbursement of the bills from W.H. Ward Lumber Co. Appellants wrote checks to Ezell and Associates for the invoiced amounts, but the Ward debt remained unpaid. Eventually, this prompted W.H. Ward to obtain a lien on the house.

John Ezell and his wife, Aimee Ezell, subsequently filed a voluntary petition under Chapter 7 of the Bankruptcy Code on September 8, 1988. J.W. Ezell and Associates, Inc. is not a party to this bankruptcy.

The bankruptcy court dismissed the appellants' complaint for two reasons. First, the bankruptcy court found that John Ezell and John Ezell and Associates, Inc. were two distinct entities, and that the appellants were creditors of the corporation, not the bankrupt individuals. Second, the bankruptcy court found insufficient evidence to "pierce the corporate veil." In order for the contested debts to be nondischargeable under 11 U.S.C. § 523(a)(2)(A) or (a)(4), the appellants had to show that either Ezell intended to defraud them, or that he was acting in a fiduciary capacity. The bankruptcy court found that the appellants had not introduced sufficient evidence to establish fraudulent intent. As to the claim of fiduciary duty, such a claim cannot exist so as to render the debt nondischargeable without the creation of a trust where the duties of each party are spelled out at the beginning of the relationship. *In re Fontenot,* 89 B.R. 575 (W.D.La.1988). *See also, Matter of Angelle,* 610 F.2d 1335 (5th

Cir.1980). The bankruptcy court found that under the facts of this case § 523(a)(4) did not apply.

The contract between the parties contains a paragraph in which Mr. Ocmond agrees with "John Ezell of Ezell and Associates, Inc." to the terms set forth. Appellants argue that this indicates a personal obligation of Ezell. Appellees assert that the contract and the testimony at the hearing indicate that the corporation was the proper party to the contract. The Court agrees that the corporation entered into the contract with the Ocmonds. However, the Court disagrees that the corporate veil should not be pierced in this case, and finds that the bankruptcy court was clearly erroneous with respect to its findings pertaining to § 523(a)(2)(A).

 As a general rule, shareholders are not liable for the debts due by the corporation. *West Building Materials, Inc. v. Daley,* 476 So.2d 554, 557 (La.App. 3rd Cir. 1985) (citations omitted). One exception to the non-liability rule involves situations where fraud or deceit has been practiced on a third party by the shareholder acting through the corporation. *Id.* (citing La. Rev.Stat.Ann. § 12:95 (1969)). In order to prevail on a claim of fraud under § 523(a)(2)(A) of the Bankruptcy Code, thereby making the debt in question nondischargeable, the plaintiff in an adversary action must show:

1) false pretense, false misrepresentation, or actual fraud was made in order to obtain money;

2) the creditor reasonably relied on the representation in question;

3) the misrepresentation or fraud goes to the debtor's intention; and

4) by clear and convincing evidence in the case of actual fraud.

*See In re Fontenot,* 89 B.R. 575, 580–81 (Bkrtcy.W.D.La.1988).

In the present case, the evidence clearly shows that Ezell obtained money from the appellants, and that they reasonably relied on the contract involved. Construction progressed on a schedule, Ezell and Associates issued periodic invoices to the Ocmonds,

and with minor discrepancies, those invoices were paid by the Ocmonds without problems until April of 1987. However, the evidence adduced at the hearing of this matter clearly indicates that by April 1987, and for some months prior, Ezell was not applying the amounts he received as payment on his invoices to the Ocmonds towards payment of the invoices he was receiving from Ward Lumber Co. Yet, Ezell continued to bill the Ocmonds for amounts due for the materials being received from Ward on the Ocmond job:

Q. All right. Now, again here on this invoice you're indicating that you want to be reimbursed?

A. That's what it says, yes.

Q. But you hadn't paid all of these amounts had you?

A. No.

Transcript of Proceedings March 15, 1989, Testimony of John W. Ezell, III, p. 36.

Q. Are you aware that on April 20, 1987 Ward had filed a lien against the Ocmonds for some 10,000 odd dollars?

A. Yes, I was.

Q. All right. But you—and you had not paid Ward?

A. Well, no, not on those invoices.

Q. And the Ocmonds had paid you?

A. Right. And it's still—

Q. But you still—

A. —owed this amount.

Transcript of Proceedings March 15, 1989, Testimony of John W. Ezell, III, p. 50.

Neither Mr. Ezell nor Mrs. Ezell could explain more than minor discrepancies between what they billed the Ocmonds and what the Ocmonds actually paid. Instead, the Ezells insisted that they paid to Ward whatever the Ocmonds paid to them. However, the Ezells did not offer any proof of their intention to pay Ward, nor did they explain why almost $10,000 remained owed to Ward on the Ocmond project. *See In re Fontenot*, 89 B.R. at 580 (defendant overcame fraud by demonstrating he intended to pay suppliers). Mr. Ezell continued to bill the Ocmonds for materials from Ward; yet, according to the testimony of Connie Scharwath, the representative from Ward, invoices as old as October 22, 1986 issued from Ward to Ezell on the Ocmond job remained unpaid.

The Court finds by clear and convincing evidence that the Ezells fraudulently misrepresented their intentions with respect to the Ocmond contract. In so doing, they obtained an unjust advantage. For these reasons, the Court will pierce the corporate veil and hold the Ezells personally liable for the amount of the Ocmonds' claim. *See Altex Ready–Mixed Concrete Corp. v. Employers Commercial Union Ins. Co.*, 308 So.2d 889 (La.App. 1st Cir.), *writ denied*, 312 So.2d 872 (La.1975). Because this Court finds that the appellants have sufficiently demonstrated fraud and misrepresentation in this case, the debt of the debtors to the Ocmonds will be deemed nondischargeable.

Accordingly,

IT IS ORDERED that the judgment of the bankruptcy court dismissing the complaint to deny discharge is hereby REVERSED, and this matter is REMANDED for proceedings consistent with this ruling.