569 So.2d 1108 (1990)
HENRY J. MILLS COMPANY, INC., Plaintiff-Appellant,
v.
CRAWFISH CAPITOL SEAFOOD, INC., and Neil Melancon, Defendants, and Howard Champagne and Morris Peltier, Defendants-Appellees.
No. 89-470.
Court of Appeal of Louisiana, Third Circuit.
November 7, 1990.
*1109 Gauthier & Cedars, Chester Cedars, Breaux Bridge, for plaintiff-appellant.
Timothy D. Breaux, Lafayette, Michael A. Harris, Breaux Bridge, for defendants-appellees.
Before DOMENGEAUX, C.J., and STOKER and YELVERTON, JJ.
DOMENGEAUX, Chief Judge.
Henry J. Mills Company, Inc., filed suit against Crawfish Capitol Seafood, Inc., and its incorporators, Howard Champagne, Jr., Neil Melancon, and Morris Peltier, for money due on open account and recognition of a materialman's privilege. Champagne and Peltier then filed a third party demand against Melancon alleging that Melancon breached his fiduciary duties to the corporation. Melancon sought relief through the Bankruptcy Court, and both the main demand and the third party demand were stayed.
The trial of this matter proceeded against Champagne, Peltier, and the corporation. Judgment was rendered in favor of Henry J. Mills Company and against Crawfish Capitol Seafood, in the amount of $15,043.82, with interest from the date of judicial demand until paid, plus attorney's fees in the amount of twenty-five percent of the principal and interest due and owing. The trial judge ruled in favor of Champagne and Peltier, absolving them from any personal indebtedness to Mills. The trial judge also refused to recognize Mills' materialman's lien because it was not timely filed.
Mills has appealed, raising one issue for our consideration. It contends the trial court failed to properly review the totality of the circumstances surrounding the formation and operations of Crawfish Capitol Seafood, which provide a basis for the court to pierce the corporate veil, resulting in the shareholders' personal liability for the debts of the corporation.
In reaching her decision, the trial judge made the following factual findings, which we quote from her reasons for judgment:

*1110 1) Corporate existence began on September 3, 1985, the date that the Articles of Incorporation and Certificate of Incorporation were recorded in the Office of the Secretary of State of Louisiana. The stated purpose of the corporation was that the principal business would be seafood processing.
2) The incorporators were Howard James Champagne, Morris Peltier, and Neil Melancon.
3) The directors of the corporation were Howard James Champagne, Morris Peltier, and Neil Melancon. These same individuals also acted as officers for the corporation with Neil Melancon serving as President, Morris Peltier serving as Vice-President, and Howard James Champagne serving as Secretary-Treasurer.
4) The corporation's initial capitalization was to consist solely of permanent financing to be obtained from the State of Louisiana, through the Department of Agriculture. Though the loan application for the business was approved by the State, the approval was subsequently withdrawn and no funding was received by Crawfish Capitol Seafood, Inc., from this source.
5) Pursuant to a resolution of the Board of Directors of Crawfish Capitol Seafood, Inc., interim financing of $160,000.00 was obtained from Breaux Bridge Bank and Trust Company for the purchase of land and to begin construction of the crawfish processing plant.
6) Though there was conflicting evidence on this point, apparently, the plant did process seafood on one or two occasions. However, none of the individual shareholders received any of the monies that may have been generated. What revenues may have been generated by these isolated incidents of processing were insufficient to allow the business to become fully operational.
7) In order to process the seafood, it had to be cooked, and a restaurant located about one mile from the site of the plant was renovated with money obtained from the interim financing provided by Breaux Bridge Bank. Apparently the lease in this building was between the owner and Neil Melancon, individually, not Crawfish Capitol Seafood, Inc. Melancon operated a restaurant out of this building for two to three weeks though he lost money on the venture and it was closed. Morris Peltier personally provided various items of restaurant equipment. The testimony at trial showed that what small amount of seafood was processed at the Crawfish Capitol Seafood plant was cooked at this restaurant even though there were no contracts for such services entered into.
8) As of the date of trial, no business of any kind had been conducted by the corporation since some time in the second quarter of 1986. Crawfish Capitol Seafood, Inc., was never formally dissolved and none of the individual directors had ever formally resigned though it was apparent that all of them considered the corporation defunct.
The general rule that corporations are distinctly legal entities, separate and distinct from the individuals who compose them, is statutory in origin, and well recognized in Louisiana jurisprudence. La.C.C. art. 24. Thus, shareholders are not individually responsible for the debts due by the corporation. La.R.S. 12:93(B); American Bank of Welch v. Smith Aviation, 433 So.2d 750 (La.App. 3d Cir.1983).
In American Bank of Welch, this court discussed the limited exceptions to the rule of non-liability of shareholders for the debts of the corporation. One exception involves the corporation's failure to conduct its business on a corporate footing, thereby disregarding the corporate entity to such an extent that the corporation ceases to be distinguishable from its shareholders. In such situations, the corporation is referred to as the "alter ego" of its shareholders, and the court may "pierce the corporate veil" and impose personal liability on the shareholders. American Bank of Welch.
In deciding whether to pierce the corporate veil, the totality of the circumstances must be examined. This determination *1111 is primarily a factual finding for the trial court to make. Chaney v. Godfrey, 535 So.2d 918 (La.App. 2d Cir.1988). In deciding whether to pierce a corporate veil, some factors to be considered by the court may include, but are not limited to: commingling of corporate and shareholder funds, failure to follow statutory formalities for incorporation and the transaction of corporate affairs, undercapitalization, failure to provide separate bank accounts and bookkeeping records, and failure to hold regular shareholder or directors' meetings. West Building Materials, Inc. v. Daley, 476 So.2d 554 (La.App. 3d Cir.1985).
In the case before us, Mills must prove that Champagne and Peltier disregarded the corporate entity to such an extent that it ceased to be distinguishable from themselves. This is a heavy burden of proof. "When fraud or deceit is absent, other circumstances must be so strong as to clearly indicate that the corporation and shareholder operated as one." Daley, citing Kingsman Enterprises v. Bakerfield Electric Co., 339 So.2d 1280 (La.App. 1st Cir.1976).
In reaching a determination of whether the corporate veil should be pierced in the instant case, the trial court discussed the five factors listed in Daley. Concerning the commingling of corporation and shareholder funds, the record reflects corporate funds were used to renovate a restaurant where the crawfish would be cooked prior to processing and packaging for resale. The restaurant was leased to Melancon individually. Before the crawfish operations began, Melancon used the facility as a restaurant business in which Crawfish Capitol Seafood had no interest. The operation lasted two to three weeks. We, like the trial judge, find this insignificant. There is no evidence that the restaurant operated with corporate funds or was used by Melancon in lieu of crawfish cooking. While it is true that the restaurant was renovated with corporate funds, we do not believe Melancon's personal use of the facility for two to three weeks constitutes commingled assets to the extent required to pierce the corporate veil.
Considering other relevant circumstances, the trial judge found, and the record supports her finding, that the statutory formalities required for incorporation and the transaction of corporate affairs were met. The Certificate of Incorporation and the Articles of Incorporation were included in the record. Although bylaws were not written, bylaws are not required by law. The failure to issue stock certificates is likewise insignificant; each shareholder owned a one-third interest in the corporation in exchange for services to be rendered to the corporation, which can include management, labor, and technical expertise, as well as supplies or equipment.
The testimony reveals that the shareholders met regularly; although minutes of these meeting were not kept, minutes are not required by law. Crawfish Capitol Seafood had its own bank account from which numerous checks were drawn. Bookkeeping records were not available, but because the corporation never actually started doing business, its bookkeeping records would be sparse, if existent at all.
The remaining factor discussed by the trial court is Mills' contention that Crawfish Capitol Seafood was undercapitalized. The record does not support that contention. Crawfish Capitol Seafood obtained interim financing of $160,000.00 from Breaux Bridge Bank and Trust. The State of Louisiana approved a loan application for permanent financing. For reasons which were not made a part of the record, the permanent financing fell through and Breaux Bridge Bank and Trust, having been taken over by the F.D.I.C., called in its loan. There is no evidence to suggest that the anticipated funds would have been insufficient to start up the new business. Furthermore, when its permanent financing fell through, Crawfish Capitol Seafood ceased operations and incurred no additional financial obligations.
In Sutton's Steel and Supply, Inc. v. Van Stavern, 496 So.2d 1360 (La.App. 3d Cir.1986), writ denied, 498 So.2d 757 (La. 1986), we reviewed the same criteria and upheld the trial court's decision not to pierce the corporate veil. We reach the *1112 same result herein. The circumstances presented in this case are insufficient to clearly indicate that the shareholders and the corporation were acting as one and therefore do not justify piercing the corporate veil.
In light of the totality of the circumstances of this case, and after reviewing the testimony of Champagne, Melancon, and Peltier, we cannot conclude that the corporation and the shareholders were indistinguishable. Therefore, the trial court did not err in failing to disregard the corporate entity of Crawfish Capitol Seafood.
For the foregoing reasons, the judgment of the trial court is affirmed at plaintiff's cost.
AFFIRMED.