626 So.2d 71 (1993)
Dan A. SMETHERMAN, Plaintiff-Appellant,
v.
J. Michael WILSON, Defendant-Appellee.
No. 93-71.
Court of Appeal of Louisiana, Third Circuit.
November 3, 1993.
*72 Dan Arthur Smetherman, New Orleans, for Dan A. Smetherman.
Virgil Russell Purvis, Jr., Jonesville, for J. Michael Wilson.
Before YELVERTON, KNOLL and THIBODEAUX, JJ.
THIBODEAUX, Judge.
J. Michael Wilson appeals the dismissal of his reconventional demand against Dan A. Smetherman on a claim predicated on the sale of petroleum products by a corporation in which Smetherman owned a 25 percent interest. Wilson sued Smetherman personally on the theory that the corporate entity was a sham and existed on paper only. For the following reasons, we affirm the trial court's judgment.

FACTS
The facts upon which this action is predicated were briefly stated by the trial judge in his reasons for judgment in ruling against J. Michael Wilson on his reconventional demand. Consequently, we adopt the trial judge's excellent recitation of the facts.
On October 2, 1979, Tola, Inc. (TOLA) was formed to operate convenience stores in the New Orleans/Metairie area. The shareholders of the corporation were Dan A. Smetherman (Mr. Smetherman), Lawrence J. Miller (Mr. Miller), Philip A. Schoen (Mr. Schoen), each owning one-fourth interest and J. Michael Wilson (Mr. Wilson) and Patrick J. Curran (Mr. Curran), each owning one-eighth interest. For operating capital the corporation secured a loan of $75,000.00 from Jefferson Bank and Trust Company (Jefferson Bank) in Metairie, Louisiana. This loan was secured by the joint and solidary personal endorsements of Schoen, Miller, Smetherman, Curran and Wilson.
The corporation operated but a short time before becoming insolvent. When the corporation became insolvent Jefferson Bank filed a petition for executory process in the Twenty-Fourth Judicial District Jefferson Parish, Louisiana against Smetherman whose personal residence was held as collateral by the bank. On December 3, 1982, Smetherman personally paid the corporation indebtedness to Jefferson Bank and the note was negotiated to him. Smetherman claimed an indebtedness to him by Wilson based on Wilson's personal endorsement of the said note and as such filed the instant lawsuit. Wilson reconvened against Smetherman alleging Wilson Oil Company, Inc. delivered petroleum products to the business and made certain repairs to gasoline equipment for which it was not paid.
Judgment was rendered against Wilson on the primary demand via motion for summary judgment. At issue here is the reconventional demand by Wilson Oil against Smetherman.
Smetherman acted as the attorney for Schoen and Miller and for the corporation. Other than that he took no active part in the administration and operation of the corporation. In fact, he had little if anything to do with the day to day operations of the business. At the time the business became insolvent both Schoen and Miller were also experiencing severe financial difficulties. Smetherman's personal residence was used as collateral to secure the loan which was the basis of the primary law suit [sic]. When it was evident the corporation was folding Smetherman attempted to get all of the shareholders to assist in paying off the existing debts so that no action would be taken against him personally ... When there [sic] effort failed and after Jefferson Bank seized his home in the Jefferson Parish law suit [sic], he paid the note and sought recovery from Wilson for his portion of the debt as a personal guarantor on the note.
Wilson Oil Company, Inc., a juridical entity separate from Wilson personally, sold gasoline and made repairs to gasoline equipment for Tola, Inc. When Tola, Inc. became insolvent and ceased business operations it owed Wilson Oil Company the sum of $13,730.91.
The trial judge found that there was little evidence as to whether or not Tola, Inc. operated as a corporation; that is, whether the corporation conducted regular director *73 and stockholder meetings, whether or not there was commingling of corporate and shareholder funds, undercapitalization, or whether it operated from separate bank accounts. However, the trial judge found that Smetherman made no personal guarantees to Wilson Oil or to Wilson that he would personally pay any debts owed to Wilson Oil. Moreover, the trial judge found that neither Smetherman nor Wilson took an active interest or actively participated in the operation of TOLA prior to its insolvency. Therefore, the trial judge reasoned, since Smetherman did nothing to allow himself exposure to liability in his personal capacity, he is entitled to the protection of the corporate veil.
Wilson's reconventional demand was dismissed after trial on the merits. On appeal, he asserts the following assignments of error:
1) The trial court erred in holding that TOLA, Inc. was a separate entity from the individual stockholders and not allowing the corporate veil to be pierced;
2) The trial court erred in not holding that Dan A. Smetherman was individually responsible for the gasoline products sold by Wilson Oil Company to the convenience stores in question, thereby allowing a set off of Smetherman's claim against Wilson; and,
3) The trial court erred in holding there was an actual corporate entity known as Tola, Inc.
Basically, Wilson's appeal involves whether the trial judge was correct in refusing to pierce the corporate veil. Wilson argues that failure of the shareholders to adhere to corporate formalities warrants the piercing of the corporate veil.

DISCUSSION
In the present case, Smetherman was not held personally liable for the debts of TOLA. The general rule is that corporations are entities distinct from their shareholders and the shareholders, therefore, are not personally responsible for the debts of the corporation. This rule is statutory in origin and well recognized in Louisiana jurisprudence. LSA-C.C. art. 24; LSA-R.S. 12:93(B); Mills Co. v. Crawfish Capitol Seafood, 569 So.2d 1108 (La.App. 3d Cir.1990). In Mills Co., supra, this court discussed the limited exceptions to the rule of non-liability of shareholders for the debts of the corporation. One exception involves the corporation's failure to conduct its business on a corporate footing, thereby disregarding the corporate entity to such an extent that the corporation ceases to be distinguishable from its shareholders. We further stated, in Mills Co., that in such situations, the corporation is referred to as the "alter ego" of its shareholders and the court may pierce the corporate veil and impose personal liability on the shareholders. In deciding whether to pierce the corporate veil, that is, whether the shareholders have failed to conduct the corporation's business on a corporate footing, the totality of the circumstances must be examined. Riggins v. Dixie Shoring Co., Inc., 590 So.2d 1164 (La. 1991). This determination is a factual finding that is to be made by the trial judge. Mills Co., supra, 569 So.2d at 1111.
In the case before us, Mr. Wilson must prove that Mr. Smetherman disregarded the corporate entity to such an extent that it ceased to be distinguishable from him. This is a heavy burden of proof. See, Mills Co., supra, 569 So.2d at 1111. Our brethren of the First Circuit stated in Jones v. Briley, 593 So.2d 391, 395 (La.App. 1st Cir.1991), that "[w]here fraud or deceit is absent ... other circumstances must be so strong as to clearly indicate that the corporation and shareholder(s) operated as one." (Emphasis added). Because of the beneficial role of the corporate concept, this principle should be disregarded in only exceptional circumstances. Riggins, supra, 590 So.2d at 1168; Kingsman Enterprises v. Bakerfield Electric Co., 339 So.2d 1280 (La.App. 1st Cir.1976). As we stated above, whether these circumstances exist is a factual matter to be decided by the trial judge.
The Supreme Court in Riggins, supra, stated the following factors courts should consider when determining whether to apply the alter ego doctrine: 1) the commingling of corporate and shareholder funds; 2) failure to follow statutory formalities for incorporating and transacting corporate affairs; 3) undercapitalization; 4) failure to provide separate *74 bank accounts and bookkeeping records; and, 5) failure to hold regular shareholder and director meetings.
Mr. Wilson argues that Mr. Smetherman and TOLA failed to follow statutory formalities in that there was no annual report filed, there was a failure to adopt a corporate resolution authorizing TOLA to engage in any transactions and that numerous transactions were undertaken. Mr. Wilson further claims that there was a failure to take corporate minutes and that no tax returns were filed. In further support of piercing the corporate veil, Mr. Wilson states that there was a failure to hold regular shareholder's and/or director's meetings as well as a lack of corporate authority to borrow funds. In the present case, the trial judge found that there was little evidence as to whether or not TOLA operated as a corporation; that is, whether or not the corporation conducted regular director and shareholder meetings, commingled corporate and shareholder funds, operated from separate bank accounts or was undercapitalized. The trial judge further found, and the record supports, that Mr. Smetherman was a stockholder of TOLA in the same sense that Mr. Wilson was a stockholder of TOLA and that neither party took an active interest or actively participated in the operation of TOLA prior to its insolvency. The record also supports the trial judge's finding that the statutory formalities required for incorporation and the transaction of corporate affairs were met.
As to Mr. Wilson's claim that TOLA failed to file an annual report, considering the fact that the corporation existed for less than one year, this failure is inconsequential. The testimony reveals that the shareholders met informally on a regular basis and although minutes of these meetings were not kept, minutes are not required by law. See, Riggins, supra, 590 So.2d at 1169; and Mills Co., supra, 569 So.2d at 1111. Concerning the failure to adopt a corporate resolution authorizing TOLA to engage in transactions, Mr. Wilson signed a promissory note as a shareholder of TOLA in favor of Jefferson Bank (indeed, the loan agreement bore the corporate name). As a businessman and shareholder himself, Mr. Wilson understood that TOLA was obtaining the loan to which he was to be held personally liable should TOLA default. Mr. Wilson is in the peculiar position of arguing that the corporate veil should be pierced for failure of the corporation to follow statutory formalities, failures which he acquiesced in as a shareholder of the corporation.
Mr. Wilson has not alleged a commingling of corporate and shareholder funds, a failure to follow statutory formalities required for the incorporation of TOLA, undercapitalization of TOLA, or a failure to keep separate bank accounts and bookkeeping records. Considering the totality of the circumstances, the failures alleged by Mr. Wilson, although an indication of less than precise handling of corporate affairs, do not thwart the basic requirement of maintaining a separate existence between shareholders and the corporation and do not amount to the exceptional circumstances which must be present before the corporate veil can be pierced, especially given that this was a small, closely-held corporation. See, Riggins, supra. In light of the totality of the circumstances of this case, and after reviewing the testimony of Mr. Smetherman and Mr. Wilson, we cannot conclude that the corporation and Mr. Smetherman, as one shareholder of TOLA, were indistinguishable. Therefore, the trial judge did not err in failing to disregard the corporate entity of TOLA.
For the foregoing reasons, the judgment of the trial court is affirmed at J. Michael Wilson's cost.
AFFIRMED.